543 A.2d 617

Willard Dwight Mayo, Petitioner *v.* Workmen's Compensation Appeal Board (Youth Development Center), Respondents.

Submitted on briefs April 14, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*George H. Hoffman, Goldberg & Kamin,* for petitioner.

*Catherine A. Blue,* Assistant Counsel, for respondent.

OPINION BY JUDGE BARRY, June 28, 1988:

Willard Dwight Mayo, the claimant, appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision dismissing his claim petition.

Claimant testified that he had been employed as a supervisor at the Youth Development Center (YDC) at Warrendale when, in September of 1981, he was transferred to the YDC's Waynesburg facility. Shortly after being transferred, the claimant began filing a number of grievances because of the working conditions. He alleges that the working relationship between himself and his immediate supervisor was not a harmonious one, and that he was subjected to working conditions which were much more trying than the working conditions of supervisors doing the same job. Two such supervisors corroborated the claimant's testimony on this point.

By July of 1982, the claimant was suffering from chest pains and headaches. He called Dr. Richard Lippe in early July but was unable to get an appointment until August 3, 1982. By July 28, 1982, claimant's symptoms were such that he missed a week of work prior to the appointment with Dr. Lippe. Following an examination, Dr. Lippe informed the claimant that he was suffering from severe hypertension; the doctor prescribed two medicines to treat the high blood pressure. In a report submitted into evidence, Dr. Lippe stated, "It is my medical opinion that his hypertension was definitely related to the stress at work and that this was the reason for him being off from work and the need for taking medication." (Letter of Dr. Lippe, 1/11/83.)

The claimant testified that he was unable to work from July 28, 1982 through October 5, 1982. He also testified to absence because of problems with his blood pressure from March 2, 1983 to March 8, 1983.

The claimant filed a claim petition, alleging that he had been disabled for the periods mentioned above; he also alleged that the disability was the result of stress at work. Three hearings were held between January and November of 1983. Claimant testified and also presented the testimony of two fellow supervisors and the report of Dr. Lippe. The employer offered no testimony. The only evidence which the employer presented was a form completed by Dr. Lippe dated September 23, 1982, which indicated that the hypertension was due to stress but did not mention that the stress was work related; the report also indicated that the claimant had resumed work as of that date. Following the completion of the hearings, the referee made the following factual findings and legal conclusions:

15. The claimant's testimony contains direct statements as well as evasions and contradictions.

16. He has failed to meet his burden of establishing that he sustained disability, as the result of a work related injury.

17. The claimant did not sustain a work related injury while in the employ of the defendant.

18. Any disability the claimant has is not work related.

19. He has not established by credible unequivocal medical testimony that he sustained a work related disability.

## CONCLUSIONS OF LAW

1. The claimant states that he sustained a work related disability due to stress and harassment in the course of his employment.

2. Based on the whole record, including the claimant's testimony and his physician's statements, we conclude that the claimant did not suffer an injury in the course of his employment.

3. His disability, if any, is not work related. (Referee's decision, 3/28/84.) The Board affirmed and this appeal followed.

As no violation of constitutional rights is alleged, our scope of review is limited to determining if an error of law has been committed and if all necessary factual findings are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Unfortunately, due to the general nature of the factual findings here, we do not believe we can perform our review function. We therefore believe a remand for more specific factual findings is necessary.

The Board, in affirming the referee's decision which dismissed the claim petition, relied upon the fact that the referee is the final arbiter of credibility. While there can be no quarrel with that proposition, *McCullough v. Workmen's Compensation Appeal Board (Xerox Corp.),* 96 Pa. Commonwealth Ct. 621, 508 A.2d 621 (1986), we have stated in *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 96-97, 525 A.2d 841, 844 (1987):

> [O]ur scope of review precludes us from making factual findings or credibility determinations. Moreover, we decline to infer credibility. Thus, we must scrutinize the adjudication. If specific credibility determinations appear that support

the result of the adjudication, then we may affirm the decision below on the basis that the burdened party failed in his burden to *persuade* the factfinder. If, however, *specific* credibility determinations do not appear in the factual findings, in the discussion or conclusions, and no other *specific* explanation for the adverse determination appears in the adjudication, then we have no alternative but to vacate the order below and remand for specific credibility findings and for an explanation of the agency's decision; otherwise we could not perform our appellate review function. (Emphasis in original.)

For the following reasons, we believe this observation is apt in the present case. Despite the referee's observation that the claimant's testimony contains evasions and contradictions, our review of all of the testimony shows little evasive or contradictory testimony. Further, there is no specific finding by the referee that he did not believe the claimant's testimony. Also, there is no mention whatsoever about the testimony of the claimant's fellow supervisors. This testimony, if believed, would establish the unequal treatment afforded to the claimant in his working conditions. It then follows that this unequal treatment could lead to stress felt by the claimant. If the claimant corroborates the alleged stressful conditions at work, Dr. Lippe's report becomes crucial.

In that report, the doctor stated that the claimant was suffering from extremely high blood pressure and that the hypertension was related to the stress at work. The referee stated that the claimant had failed to produce "credible unequivocal medical testimony." There is nothing equivocal in the doctor's statement which is quoted above. Had the referee simply stated that the doctor's testimony was not believable, we would have no

choice but to affirm. Given the referee's statement that the claimant did not produce credible unequivocal testimony, when the testimony was clearly unequivocal, we are prevented by *Kirkwood* from inferring the necessary credibility finding. Further, in scrutinizing the entire adjudiction, the referee seemed to be impressed by the fact that the initial report of Dr. Lippe, dated September 23, 1982, stated that the claimant had already returned to work. Were this fact true, the employer could have presented testimony to that effect. However, in this case, but for this report, the employer presented no evidence. While we recognize that the employer has no burden in a case such as this, we are unable, given all of the aforementioned circumstances, to affirm on the basis of the referee's right to decide credibility questions.

We must therefore vacate the order of the Board and remand for specific factual findings on the crucial questions of the credibility of the various witnesses.

## ORDER

NOW, June 28, 1988, the order of the Workmen's Compensation Appeal Board dated December 20, 1984, at No. A-88155, is vacated and the matter is remanded for specific factual findings concerning the credibility of the witnesses in this case.

Jurisdiction relinquished.