590 A.2d 827

**ARMCO, INC. and Pacific Employers Insurance Co., Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CARRODUS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 1990.

Decided April 26, 1991.

Petition for Allowance of Appeal Denied Oct. 31, 1991.

Raymond F. Keisling, Will, Keisling, Ganassi & Schmitt, Carnegie, for petitioners.

Samuel S. Blaufeld, with him, Pamela M. Schiller, Blaufeld & Schiller, Pittsburgh, for respondent Harry Carrodus.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

ARMCO, Incorporated, (ARMCO) and Pacific Employers Insurance Company, its insurer, appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision awarding benefits to the claimant, Harry Carrodus.

Carrodus was employed by ARMCO from May 23, 1953 until September 30, 1985 when the plant at which he was working closed. On December 8, 1986, Carrodus filed a workmen's compensation claim petition alleging that commencing September 1, 1985, he suffered the loss of his

hearing for all practical intents and purposes in both ears as a result of constant exposure to loud noises during the course of his employment with ARMCO. A timely answer was filed by the insurer denying the allegations of the petition. Hearings were held before Referee Laughlin. Oral testimony from Carrodus and testimony in the form of depositions from Dr. Stephen Froman, a witness for Carrodus and from Dr. Sidney Busis, a witness for ARMCO were taken. On March 22, 1988. the claim petition was reassigned to Referee Dumm[1] who rendered a decision on April 5, 1988. That decision, concurred in by Referee Laughlin, denied benefits to Carrodus, concluding as a matter of law that he "failed to meet the burden of proof necessary to be entitled to compensation benefits for complete loss of hearing in both ears."

Carrodus appealed to the Board alleging that the referee erred as a matter of law in concluding that he does not have a loss of hearing for all practical intents and purposes and that certain findings of fact were not supported by the evidence. The Board, citing our opinions in *Mayo v. Workmen's Compensation Appeal Board*, 117 Pa.Commonwealth Ct. 336, 543 A.2d 617 (1988) and *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987), remanded the case to the referee. It specifically stated in its remand decision:

The referee has not made any findings with respect to any of the witnesses. Had the referee simply stated that claimant's doctor was not believable, we would have no choice but to affirm. *Given the referee's statement that the claimant did not produce credible unequivocal testimony, when the testimony was clearly unequivocal, we are prevented by Mayo v. Workmen's Compensation Appeal Board* [117 Pa.Commonwealth Ct. 336], 543 A.2d 617 (1988), *from inferring the necessary credibility finding.* While we recognize that the employer has no burden in a case such as this, we are unable, given all the circumstances to affirm on the basis of the referee's right

1. The record does not reflect the reason for the reassignment.

to decide credibility questions. The *Mayo* Court held that it was prevented by *Kirkwood v. Unemployment Compensation Board of Review* [106 Pa.Commonwealth Ct. 92], 525 A.2d 841 (1987), from inferring the necessary credibility finding. Therefore the Court vacated the decision and remanded the case.

A remand is warranted where the referee has failed to make findings on a crucial issue necessary for the proper application of the law. *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board* [95] Pa.Commonwealth Ct. [594], 505 A.2d 1372 (1986). Therefore, we must vacate the order of the referee and remand for specific findings concerning the specific credibility determinations of the witnesses in this case. (Emphasis added.)

On remand, the petition was reassigned to Referee Tobin who issued a decision on July 19, 1989 awarding benefits to Carrodus. Referee Tobin found credible the testimony of Carrodus and Dr. Froman and rejected those portions of Dr. Busis's report which conflicted with Dr. Froman's report.

ARMCO appealed Referee Tobin's decision to the Board alleging that the previous decision had been improperly remanded by the Board and that the testimony of Dr. Froman was equivocal and did not support a finding of complete loss of hearing for all practical intents and purposes. The Board did not address the propriety of its initial remand, but affirmed on the merits the decision of the referee awarding compensation to Carrodus. This appeal followed.

We first address ARMCO's argument that the testimony of Dr. Froman was equivocal and therefore was not sufficient to establish a complete loss of hearing. In *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1975), the Supreme Court rejected a literal reading of the term "complete loss of hearing for all practical intents and purposes" in favor of the following interpretation:

If the words, however, are taken relatively rather than absolutely, and in the light of every day experiences, rather than from the viewpoint of a literal clinician, then this precise means of measuring the extent of a hearing loss in percentiles becomes unacceptable. In this relative context a person, even though he is able to hear loud, pure tones, is completely bereft of his hearing if he is unable to communicate with his fellow man and is denied the other practical and useful benefits generally associated with man's usual and customary wants, needs and pleasures.

*Hartlieb,* 465 Pa. at 255, 348 A.2d at 749.

 The test norm of a "complete loss of hearing for all practical intents and purposes" involves a determination as to whether an individual is able to function in his or her usual social, work and familial settings. *Hill v. Workmen's Compensation Appeal Board (Latrobe Steel Corp.),* 117 Pa.Commonwealth Ct. 251, 543 A.2d 232 (1988), *petition for allowance of appeal denied,* 522 Pa. 598, 562 A.2d 322 (1989). Consequently, an employee may suffer a "complete loss of hearing" for the purposes of workmen's compensation even though the hearing loss is not absolute. *Id.*

 The question of whether medical testimony is equivocal or not is a question of law, and is to be determined by reviewing the entire testimony of the medical witness. *May Department Stores v. Workmen's Compensation Appeal Board (Smith),* 105 Pa.Commonwealth Ct. 580, 525 A.2d 33 (1987), *petition for allowance of appeal denied,* 516 Pa. 624, 532 A.2d 21 (1987). Medical evidence is unequivocal if the medical expert, after providing a foundation, testifies that in his medical opinion he believes or he thinks the facts exist. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas),* 77 Commonwealth Ct. 202, 465 A.2d 132 (1983).

During direct examination, Dr. Froman described the examination and tests administered to Carrodus and provided the results of these tests. Dr. Froman further testified:

It's my medical opinion within a reasonable degree of medical certainty based on the patient's clinical history, otolaryngololic examination, x-rays and complete audiologic testing, that Mr. Harry Carrodus has suffered a complete loss of use of hearing in both ears for all practical intents and purposes.

Q. Doctor, do you have an opinion within a reasonable degree of medical certainty as to the cause of the hearing loss?

A. Yes. It's my medical opinion, within a reasonable degree of medical certainty, based on all of the previously mentioned information, that the complete loss of use of hearing that Mr. Carrodus has suffered in both ears has resulted from his total and cumulative exposure to the loud noise during this [sic] years of employment at Armco Steel.

. . . .

Q. Doctor, have all your opinions been expressed within a reasonable degree of medical certainty?

A. Yes, they have.

During cross-examination, Dr. Froman testified that Carrodus had the ability to communicate on a one-to-one basis and that he could hear the television if it was turned to a certain level. Dr. Froman furthered testified that Carrodus could hear some warnings and whistles and could also hear warnings shouted to him by his fellow workers.

Having carefully reviewed the record in the instant case, we conclude that Dr. Froman's testimony when viewed as a whole was unequivocal and was sufficient to support a finding that Carrodus had suffered a complete loss of hearing for all practical intents and purposes. The fact that he has some hearing ability and that it is of some value to him is not inconsistent with the finding that he has suffered a complete loss of hearing for all practical intents and purposes. *See Latrobe Steel Co. v. Workmen's Compensation Appeal Board (Goodman)*, 79 Pa.Commonwealth Ct. 203, 468 A.2d 1178 (1983).

■ We next consider ARMCO's additional argument that the remand ordered by the Board following the first decision was improper and that the findings of the referee in that decision were supported by sufficient, competent and credible evidence.

Our scope of review on appeal, where both Carrodus and ARMCO have presented evidence, is the substantial evidence test set forth in Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. As such, we must affirm the Board's adjudication unless we find that the adjudication is in violation of ARMCO's constitutional rights, is not in accordance with law or that any necessary finding of fact is not supported by substantial evidence. *Id.*

In the instant case, the referee in the *original* adjudication made the following findings as to the causation and medical aspects of Carrodus' claim:

### FINDINGS OF FACT

1. That a Claim Petition has been filed alleging that the claimant, Harry Carrodus, suffered the loss of hearing in both ears as a result of exposure to loud noises during the course of his employment with Defendant Employer from May 23, 1953 to September 30, 1985.

2. That a timely and responsive Answer was filed by Defendant Carrier denying the allegations of the Petition.

3. That the claimant is presently 60 years of age and was 58 years of age when he stopped working for the defendant on September 30, 1985 due to a plant shutdown. He worked for Defendant Employer from May 23, 1953 to September 30, 1985 and at the last date of employment had an average weekly wage of $545.64.

4. That the claimant served in the U.S. Air Force from March, 1945 to December, 1946 and was exposed to some noise due to gunfire.

5. That during the period May 23, 1953 to September 30, 1985 in his job with the defendant, he was exposed to

considerable noise from clanging pipes, saws and furnaces.

6. That the claimant served notice of his alleged hearing loss on Defendant Employer on December 18, 1986.

7. That the claimant was advised by his family members in August, 1985 that he was having hearing problems. The claimant states he can hear but has trouble understanding. Since August, 1985 he has not noticed his hearing worsening. The claimant is a diabetic. His father died at age 68 and he also had a hearing problem.

8. That after reviewing the testimony of the claimant, who stated to physicians examining him that he doesn't think he has a hearing problem and from the testimony of the doctors who have testified, your Referee finds that the claimant does not have complete loss of hearing in both ears for all practical intents and purposes.

Based upon these findings, Referee Dumm made his one conclusion of law:

## CONCLUSIONS OF LAW

1. That the claimant has failed to meet the burden of proof necessary to be entitled to compensation benefits for complete loss of hearing in both ears.

The Board deemed Referee Dumm's findings and solitary conclusion to be insufficient to permit appellate review and remanded. We agree with that determination.

The findings of Referee Dumm were insufficient to enable the Board to determine *why* he concluded that Carrodus failed to sustain his burden of proof and the Board's remand order was proper. Dr. Froman had opined that Carrodus had suffered a complete loss of use of hearing in both ears for all practical intents and purposes. His testimony as we have seen was clearly unequivocal and certainly would have met the requirement for substantial evidence to support a finding in the claimant's favor. On the other hand, Dr. Busis found to the contrary and concluded that Carrodus had *not* suffered a loss of hearing for all practical

intents and purposes. Such testimony was likewise competent, unequivocal, and substantial. But, such evidence involves more than just a credibility determination because we are left without any inkling whether the referee merely thought the testimony of Dr. Froman was not substantial, which would be an obvious error of law, or whether he rejected that testimony and accepted that of Dr. Busis as being the more credible. We simply do not know, and neither did the Board.[2]

It is generally well settled that an appellate court "should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level." *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). Where such findings were not made, the case must be remanded so that findings may be supplied. *Id.* Further, in *Kirkwood,* we held that *"[w]e will not infer a credibility determination merely from the decision of the factfinder against the party with the burden of proof,"* 106 Pa.Commonwealth Ct. at 97–98, 525 A.2d at 845 (emphasis in original). Absent these credibility determinations or any other *specific* explanation in the adjudication for the adverse determination, a remand for such specific credibility findings or for an explanation of the decision is quite proper. *Id.,* 106 Pa.Commonwealth Ct. at 97, 525 A.2d at 844. These principles are applicable to the

---

2. We quote with approval from the Board's opinion: "The referee has not made any findings with respect to the credibility of any of the witnesses. Had the referee simply stated that claimant's doctor was not believable, we would have no choice but to affirm." To that analysis we also add, had the referee determined that the testimony of both doctors was credible (meaning worthy of belief), although conflicting, but nevertheless he chose to credit the weight of one doctor's testimony over the other, neither the Board nor this Court would disturb that decision. But here, the referee did neither, and instead made the generic conclusion that the claimant failed to meet his burden of proof.

Board acting in its appellate review capacity as well as this Court.

Based on the above discussion, we affirm the order of the Workmen's Compensation Appeal Board.

## ORDER

NOW, April 26, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.