597 A.2d 265

**Fred S. HALL, Sr., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(MT. BRADDOCK LAND CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 5, 1991.

Decided Sept. 9, 1991.

Shelley W. Elovitz and Judith A. Moses, for petitioner.

Deborah M. Lelik, Asst. Counsel, for respondent.

Before PALLADINO and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Fred S. Hall, Sr., (claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee denying the claimant's Petition for Reinstatement of Compensation which was filed under Section 413 of The Pennsylvania Workmen's Compensation Act.[1]

On August 30, 1984, the claimant suffered a work-related injury to his thigh while working for Mt. Braddock Land Co. (employer) as an underground miner. A Notice of Compensation Payable was issued and he received compensation of $320.00 per week beginning September 7, 1984. On December 3, 1984, the employer filed a Termination Petition which was granted as of October 8, 1984, when the claimant returned to work with no loss of earnings. The claimant worked for two weeks when he was laid off by the employer. He collected unemployment compensation benefits from October, 1984 through April, 1985. The claimant then filed the current petition alleging that his disability had recurred as of April 1, 1985.

Before the referee, the claimant was the only party to introduce any evidence. This consisted, in part, of the claimant's testimony, the deposition of Dr. Durkan, and the medical reports of Drs. Yanchus, Rosen, and Wilkins. Based on this evidence, the referee made the following relevant findings of fact:

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772. Section 413 provides in part that a referee may reinstate compensation upon proof by an injured employe that his disability has recurred.

9. The Claimant introduced the medical testimony of Gerald Patrick Durkan, M.D. Dr. Durkan diagnosed the Claimant as having an L–5 radiculopathy caused by the 1984 accident. Dr. Durkan based this opinion on the Claimant's version of the accident that he twisted his back. However, the nature of the original injury was a contusion and abrasion of the right upper leg and knee.

10. The Claimant did not receive any treatment for his disability to his back until March 5, 1986 which is almost two years after his occupational accident where the injury was a contusion and abrasion of the right upper leg and knee.

11. The Claimant told Dr. Durkan that he twisted his back when he was injured, but the emergency room record does not mention an injury to his back.

12. The Claimant has submitted medical bills from Larry E. Wilkins, D.C. at Laurel Mountain Chiropractic Clinic in the amount of $9,160.00 for treatments he rendered to Claimant's back problem.

13. Your Referee finds the Claimant is disabled as a result of a back problem which back problem is not related to, connected with, or caused by the work injury of August 30, 1984.

14. Your Referee finds as a fact that as of October 8, 1984 the Claimant has completely recovered from any disability as a result of subject incident.

Referee's Decision of May 27, 1988 at 2–3, Reproduced Record at 81a–82a.

Based on these findings, the referee concluded that the claimant failed to meet his burden of proving that his disability is a recurrence of his August 30, 1984 injury. The Board affirmed the referee's decision and the claimant now appeals to this Court arguing that the referee capriciously disregarded the medical evidence presented.

■ Where the party with the burden of proof is the only one to present evidence and, nevertheless, does not prevail, our scope of review is to determine whether the agency

erred as a matter of law or whether competent evidence was capriciously disregarded. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

> Where, however, the party with the burden of proof is the *only* party to present evidence, and that party does *not* prevail before the agency, we must first examine the record to determine whether that party as a matter of law, has met his burden. If he has not, we will affirm the agency decision. If, on the other hand, it appears that the burdened party *has* presented sufficient competent evidence that, *if believed*, would overcome his burden of proof, and it is not clear from the adjudication that a credibility determination has been made, we will remand the matter to the agency for the proper findings and conclusions of law following those findings. *We will not infer a credibility determination merely from the decision of the factfinder against the party with the burden of proof.*

*Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 97–98, 525 A.2d 841, 845 (1987). (emphasis in original)

█ Before the referee, the claimant presented the testimony of Dr. Durkan and the medical reports of several other doctors. This evidence, if believed, unequivocally established the recurrence of the claimant's disability. The referee, however, concluded that the claimant had not met his burden of proof. In his findings of fact, the referee makes reference to the claimant's account of his injury at work, upon which Dr. Durkan relied in making his diagnosis, and to the hospital records which characterize the injury somewhat differently. Unfortunately, we are unable to determine whether the referee rejected Dr. Durkan's testimony as incompetent because it was based on erroneous information or simply because he did not believe it. Because it is unclear whether the referee based his decision on a legal determination of insufficient evidence or a factual

determination of credibility, we must remand for appropriate findings of fact.

PALLADINO, J., dissents.

## ORDER

AND NOW, this 9th day of September, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated and the case is remanded for clarification in accordance with this opinion.

Jurisdiction relinquished.