621 A.2d 1178

**J. Jean LEVERING, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(BUCK COMPANY, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 24, 1992.

Decided Feb. 18, 1993.

Jon C. Lyons, for petitioner.

Staci B. Walkes, for respondent.

Before DOYLE, COLINS and KELLEY, JJ.

COLINS, Judge.

J. Jean Levering (claimant) petitions for review of a decision and order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision to deny claimant compensation benefits. We affirm.

Claimant was employed by the Buck Company, Inc. (employer), a foundry operation, until June 6, 1988. At that time, claimant alleged that she was unable to continue working, because she had difficulty breathing in the core room where she worked. On October 13, 1988, claimant filed a claim petition against employer, alleging that she had a pulmonary

condition as a result of her employment, which condition left her disabled as of June 6, 1988. Employer filed an answer denying the allegations.

An initial hearing was held by the referee on November 16, 1988. Various hearings were scheduled or conducted, the last of which occurred on October 30, 1990. At the hearings, claimant presented the medical testimony of three doctors, Dr. Gillio, Dr. Fuchs and Dr. Lockey.[1] Employer presented the medical testimony of Dr. Epstein, which the referee found more credible than the testimony of claimant's medical witnesses.

Claimant had a medical history of smoking one and one-half packs of cigarettes per day for 24 years. Claimant testified that she had cut her cigarette smoking down at that time to one-half pack of cigarettes per day. Both claimant's and employer's medical witnesses agreed that claimant was suffering from bronchitis or small airway disease which was caused by claimant's cigarette smoking. All the medical witnesses also agreed that because of claimant's cigarette induced pulmonary problem, she must avoid exposure to particulates such as cigarette smoke, dust, hair spray and talcum powder.

The medical witnesses disagreed on the question of whether claimant's employment aggravated her bronchitis. Claimant's medical witnesses testified that fumes and dust at work aggravated claimant's symptoms, causing her to cough and have difficulty breathing. Employer's medical witness testified that claimant's continuing symptoms were caused by claimant's ongoing smoking habit and that her work environment did not aggravate her physical condition. The referee resolved the conflicting testimony in Finding of Fact No. 7, as follows:

After reviewing all the evidence in this matter, this Referee is not convinced or satisfied that the Claimant's inability to work beginning in June, 1988 relates to the environment in which she was working at Buck Company, Inc. Rather, this

---

1. It should be noted that the referee, in Finding of Fact No. 6, specifically discounted the testimony of Dr. Lockey, stating, "Since the Referee finds that the history claimant gave Dr. Lockey is not in accordance with the other medical records in this matter, this Referee will not accept Dr. Lockey's opinions in this case."

Referee is thoroughly convinced that because of the Claimant's longstanding smoking history she has developed bronchitis and as a result of that problem, she now has to avoid exposure to various particulates in her environment. This Referee does not believe that the Claimant has an occupationally induced pulmonary problem and does not believe that the Claimant's pulmonary problem was aggravated by her work environment. There is overwhelming evidence in this matter, as far as this Referee is concerned, that Claimant's cigarette smoking history is the cause of her problem and not something at Buck Company, Inc. This Referee therefore chooses to accept Defendant's medical testimony over the Claimant's medical testimony, although as this Referee has indicated before, there was a general consensus among most of the doctors that the Claimant's pulmonary problem originated from her longstanding cigarette smoking history.

Based on his finding that claimant's injury was not caused by or aggravated by her employment, the referee dismissed claimant's petition and denied her compensation benefits. Claimant appealed to the Board, but the Board affirmed the referee's decision. Claimant then appealed to this Court for review of the Board's July 31, 1992 decision and order, contending that the referee's necessary findings of fact were not supported by substantial evidence and that the referee's conclusions of law were not consistent with his findings of fact.[2]

Claimant first contends that the referee's Finding of Fact No. 7, that claimant's injury was neither caused by or aggravated by her work environment, is not supported by substantial evidence.[3] Claimant also asserts that she is entitled to

2. Our scope of review is limited to whether there has been a violation of constitutional rights, an error of law, or whether necessary findings of fact are supported by substantial competent evidence. *Estate of Mc-Govern v. State Employee's Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

3. In her supplemental brief, claimant makes a separate argument that the referee made an error of law when he concluded that claimant did not suffer a compensable injury. This argument is redundant and will not be specifically addressed in this opinion, because it is based on the same allegation as claimant's lack of substantial evidence argument,

compensation benefits under our Supreme Court's ruling in *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Company)*, 514 Pa. 450, 525 A.2d 1204 (1987), that although Pawlosky's asthmatic condition was not caused by his work place, he was entitled to benefits, because his condition was aggravated by fumes in his work place.

We disagree with claimant's contentions, because the referee's findings of fact are supported by substantial competent evidence, and because the rule of *Pawlosky* is inapplicable to the instant case.

█ The referee based Finding of Fact No. 7 on Dr. Epstein's testimony, which the referee accepted over the testimony of claimant's medical witnesses. Dr. Epstein testified as follows: [4]

Q. Now, doctor, the claimant is indicating that she has felt or this has [sic] may be the allegation, that her bronchitis condition or whatever her pulmonary condition is could be aggravated by environmental factors including what may take place being fumes or dust in the work environment. Do you have an opinion in that regard?

A. I do.

Q. What is your opinion?

A. In my professional opinion, her work environment has not caused or aggravated her bronchitis. Rather, it is the cigarette smoking that has caused and continues to aggravate her pulmonary condition.

█ Dr. Epstein's testimony easily constitutes the substantial competent evidence necessary to support the referee's Finding of Fact No. 7. Substantial competent evidence exists if a record contains sufficient relevant evidence as a whole which a reasonable mind might accept as adequate to support a conclusion. *Robinson v. Workmen's Compensation Appeal*

that fumes and dust in the work environment aggravated claimant's bronchitis. As we have discussed in this opinion, the referee's finding of fact that claimant's medical condition was not aggravated by her work environment is supported by substantial evidence and, therefore, cannot be disturbed by this Court.

**4.** See the May 18, 1989 deposition of Dr. Epstein, at page 14.

*Board (Lindsey),* 139 Pa.Commonwealth Ct. 82, 589 A.2d 778 (1991).

Claimant attempts to undermine the credibility of Dr. Epstein's testimony by alleging that it is inconsistent with other evidence in the record. By these allegations, claimant is essentially requesting this Court to reweigh the evidence and make credibility determinations. This Court will not engage in any such activities, because they are not within our scope of review.

In a workmen's compensation case like the case *sub judice,* where the Board takes no additional evidence, the referee is the ultimate fact-finder, and his findings will not be disturbed when they are supported by substantial competent evidence. *Northeastern Hospital v. Workmen's Compensation Appeal Board (Turiano),* 134 Pa.Commonwealth Ct. 164, 578 A.2d 83 (1990). The referee, and not this Court, is also the judge of credibility, and it is within the referee's province to accept or reject any testimony of any witness, including medical witnesses. *Gateway Coal Company v. Workmen's Compensation Appeal Board (Laboda),* 138 Pa.Commonwealth Ct. 332, 588 A.2d 73, *petition for allowance of appeal denied,* 528 Pa. 633, 598 A.2d 286 (1991).

Moreover, claimant's contention that this case is controlled by *Pawlosky* is incorrect. In *Pawlosky,* the referee found that Pawlosky's asthmatic condition was aggravated by fumes in the work place, and this finding was based on the concession by the employer's medical witness, Dr. Strimlan, that Pawlosky's work environment aggravated his asthmatic condition. *Pawlosky* is clearly inapplicable to the present case, because the referee, in the instant matter, found that claimant's medical condition was *not* aggravated by her work environment. As discussed earlier, this finding was supported by substantial competent evidence. Without a finding that claimant's injury was either caused or aggravated by employer's work environment, claimant has not sustained the burden

of proving a compensable injury under The Pennsylvania Workmen's Compensation Act.[5]

Accordingly, the Board's decision and order are affirmed.

## ORDER

AND NOW, this 18th day of February, 1993 the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

5. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.