Robert BIBLE et al., Petitioners,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY et al., Respondents.

Commonwealth Court of Pennsylvania.

Aug. 4, 1995.
Publication Ordered Aug. 23, 1995.

William R. Caroselli, Daniel K. Bricmont and Joseph L. Della Guardia, for petitioners.

W. Thomas McGough, Jr., and William J. McKim, for respondent USX Corp.

Susan McLaughlin, for respondent Dial Corp.

Daniel J. Doyle, for respondent Commonwealth of Pennsylvania, Department of Labor and Industry, and Johnny J. Butler.

Clifford A. Goldstein, for respondent Lukens Steel Corp.

J. Lawrence Johnston, for respondent Teledyne Vasco.

COLINS, President Judge.

Presently before this Court are the following three motions: (1) motion for summary judgment filed by petitioners Robert Bible, Joseph Swager, James Richter, Roy Tiernan, Homer Kifer, Richard Ansell, John W. Lovelace, Floyd Hershberger, Edwin Lubinski, and Casper Hracho (Petitioners), (2) motion for summary judgment filed by respondent U.S.X. Corporation to which respondents Lukens Steel and Dial Corporation join, and (3) motion for judgment on the pleadings or, in the alternative, for summary judgment filed by respondents Commonwealth of Pennsylvania, Department of Labor and Industry, and Johnny J. Butler, Jr. We grant petitioners' motion for summary judgment and deny the motions of respondents.

The petition for review in the nature of a complaint in equity and for a declaratory judgment alleges that each petitioner is a workers' compensation claimant whose claim for work-related hearing loss was pending on February 23, 1995 and would be adversely affected by the Act of February 23, 1995, P.L. —— (Act 1), which amended Section 306(c) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513.

Before February 23, 1995, Section 306(c)(8) of the Act, 77 P.S. § 513(8), provided that benefits would be awarded "[f]or the complete loss of hearing, in both ears, sixty-six and two-thirds per centum of wages during two hundred sixty weeks; for complete loss of hearing in one ear, sixty-six and two-thirds per centum of wages during sixty weeks." The Supreme Court of Pennsylvania has held that complete loss of hearing is the complete loss of hearing " 'for all practical intents and purposes.' " *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 256, 348 A.2d 746, 750 (1975). This Court, in *ARMCO, Inc. v. Workmen's Compensation Appeal Board (Carrodus),* 139 Pa.Commonwealth Ct. 326, 590 A.2d 827, *petition for allowance of appeal denied,* 529 Pa. 636, 600 A.2d 955 (1991), stated that "[t]he test norm of a 'complete loss of hearing for all practical intents and purposes' involves a determination as to whether an individual is able to function in his or her usual social, work and familial settings." *Id.* at 331, 590 A.2d at 829.

The amended Section 306(c)(8) provides for an award of benefits based on the following formula: the percentage of impairment calculated according to the American Medical Association's Guide to the Evaluation of Permanent Impairment multiplied by 260 weeks. The amended Section 306(c)(8) also provides that the percentage of a claimant's hearing impairment is to be established by audiogram. Section 3(2) of Act 1 provides that amended Section 306(c)(8) "shall apply retroactively to all claims existing as of the effective date of this act for which compensation. has not been paid or awarded."

Petitioners allege that they will be adversely affected by Act 1 because they "have established or are prepared to establish that they have suffered hearing loss prior to the effective date of Act 1 of 1995 and that in each instance the hearing loss was a complete hearing loss within the meaning of

the provisions of the Workers' Compensation Act as in effect at the time of injury." (Paragraph 64 of the petition for review.) They allege additionally, "that the retroactive application of ... Act 1 of 1995 will cause their hearing losses to be determined as less than complete, thereby reducing their compensation below that established by the Workers' Compensation Law in effect at the time of injury." (Paragraph 65 of the petition for review.) Petitioners seek a declaration that Section 3(2) of Act 1, the retroactivity provision, violates the contract and due process clauses of the Pennsylvania and United States Constitutions, thereby rendering Act 1 unconstitutional.[1,2]

It is, of course, well settled that there is a presumption against a statute having a retroactive effect and that such construction will not be embraced unless it is clearly and manifestly intended by the legislature. *See* Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926. Further, retroactive laws will be supported only when they do not impair contractual or other vested rights but operate merely to vary the remedy or cure defects in proceedings which are otherwise fair.

*Beharry, Washington County Report 83–85,* 116 Pa.Commonwealth Ct. 613, 618, 544 A.2d 514, 517–18 (1988), *affirmed,* 528 Pa. 29, 595 A.2d 15 (1991), 529 Pa. 81, 601 A.2d 1223 (1992).

In *Agostin v. Pittsburgh Steel Foundry Corp.,* 354 Pa. 543, 47 A.2d 680 (1946), the Pennsylvania Supreme Court determined that the Act is part of an employee's contract with his or her employer. In that case, an employer appealed the award of workers' compensation for a claimant totally disabled

from silicosis. The claimant had quit his job in 1938 because he was partially disabled from silicosis. At that time, his claim was regulated by the occupational disease act enacted in 1937, which awarded benefits only for total disability because of silicosis. After claimant became totally disabled because of silicosis on November 7, 1939, he sued for benefits. By then, however, the occupational disease act had been amended. The dispute was whether the 1937 act or the 1939 act controlled his claim, especially the time period within which the claimant was required to file his claim. The Supreme Court held that the 1937 act furnished claimant with his substantive right to compensation, but the 1939 act provided the procedure for enforcing that right. The court stated that

[e]ven though the Act of 1937 was repealed, its compensatory terms, which had been and, at all relevant times, necessarily remained an integral part of the claimant's contract with the defendant, continued none the less to be evidential of the claimant's contractual right to compensation for the disability and the defendant's liability therefor.

What the Act of 1939 did at once effectively accomplish, without interfering with vested rights, was to repeal the procedure prescribed by the Act of 1937 for the enforcement of compensation claims and supply, *inter alia,* a different limitation for the filing of claims. That, the legislature could constitutionally do. No one has a vested right in a statute of limitations or other procedural matters.

*Id.* at 548–49, 47 A.2d at 683.

It is [also] well-settled that the Legislature may not extinguish a right of action

---

1. Pursuant to Pa.R.C.P. No. 1035(b), summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is appropriate in an action, such as this, for declaratory relief. *Pennsylvania Public Utility Commission Bar Association v. Thornburgh,* 62 Pa.Commonwealth Ct. 88, 434 A.2d 1327 (1981), *affirmed per curiam,* 498 Pa. 589, 450 A.2d 613 (1982). Here, where there are no disputed material facts, the sole issue is which party is entitled, as a matter of law, to summary judgment.

2. Section 7533 of the Declaratory Judgments Act provides that "[a]ny person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa.C.S. § 7533. Constitutional challenges to a statute's validity may be decided by declaratory judgment. *Parker v. Commonwealth,* 115 Pa.Commonwealth Ct. 93, 540 A.2d 313 (1988), *affirmed,* 521 Pa. 531, 557 A.2d 1061 (1989).

which is already accrued to a claimant. This Court has consistently held that the Legislature's repeal of a law which created a right of action does not disturb any actions accrued thereunder:

'There is a vested right in an accrued cause of action.... A law can be repealed by the law giver; but the rights which have been acquired under it, while it was in force, do not thereby cease. It would be an absolute injustice to abolish with the law all the effects it had produced. This is a principle of general jurisprudence; but a right to be within its protection must be a vested right.' *Lewis v. Pennsylvania R.R. Co.*, 220 Pa. 317, 324, 69 A. 821, 823 (1908) (quotations omitted)....

*Gibson v. Commonwealth*, 490 Pa. 156, 161, 415 A.2d 80, 83 (1980). "The true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion." *Kapil v. Association of Pennsylvania State College and University Faculties*, 504 Pa. 92, 99, 470 A.2d 482, 485 (1983).

■ We have no difficulty in determining that petitioners, all of whose claims for benefits arose before the effective date of Act 1 and were filed before the effective date of Act 1, have a vested right to have their claims adjudicated under Section 306(c)(8) as it existed before February 23, 1995. The section, as it existed before that date, was part of their employment contract, and their causes of action clearly accrued before that date. To permit retroactive application of amended Section 306(c)(8) of the Act, 77 P.S. § 513(8), would violate their constitutional rights. It is irrelevant, as respondent employers argue, that some claimants whose hearing loss occurred before the enactment of Act 1 would receive greater benefits if their claims are evaluated pursuant to Act 1. *Agostin.*

We grant petitioners' motion for summary judgment, because Section 3(2) of Act 1, which provides for retroactive application of the amended Section 306(c)(8) of the Act, violates Article 1, Section 17 of the Pennsylvania Constitution. Having so determined,

we will not review petitioners' other allegations of unconstitutionality. Conversely, we deny the motion for summary judgment filed by USX Corporation to which Lukens Steel and Dial Corporation join, and we deny the motion for judgment on the pleadings or, in the alternative, for summary judgment filed by the Commonwealth respondents.

### ORDER

AND NOW, this fourth day of August, 1995, petitioners' motion for summary judgment is granted. The motion for summary judgment filed by USX Corporation to which Lukens Steel and Dial Corporation join is denied. The motion for judgment on the pleadings or, in the alternative, for summary judgment filed by the Commonwealth, the Department of Labor and Industry, and Johnny J. Butler, Jr., is denied.

The petition for reconsideration of this Court's May 3, 1995 order filed by petitioners is dismissed as moot.

The stays entered on behalf of petitioners by this Court's order of March 23, 1995 are vacated.