**Lois HEALY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (INDUSTRIAL CERAMICS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 15, 1996.

Decided May 13, 1996.

Dennis N. Persin, for Petitioner.

Phyllis T. Procopio, for Respondent.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Lois Healy (Claimant) appeals an order of the Workmen's Compensation Appeal Board, which reversed the decision of the Workers' Compensation Judge (WCJ) and granted the modification petition of Industrial Ceramics, Inc. (Employer).

---

Claimant sustained an injury while working for Employer and began to receive workers' compensation benefits in the amount of $450.00 per week. Thereafter, Claimant returned to work in a modified duty position; however, on October 4, 1993, she was laid-off from that position and her workers' compensation benefits were reinstated. Claimant applied for and was granted unemployment compensation benefits. She collected unemployment benefits for the closed period from October 4, 1993 through January 3, 1994, at the rate of $292.00 per week.

Employer filed a modification petition seeking a credit for the unemployment benefits received by Claimant. Employer's petition was based on Section 204(a) of the Workers' Compensation Act (Act),[1] as amended by Section 4 of Act 44 of 1993.[2] Prior to Act 44, Section 204(a) of the Act provided:

> No agreement, composition, or release of damages made before the date of any injury shall be valid or shall bar a claim for damages resulting therefrom; and any such agreement is declared to be against the public policy of this Commonwealth. The receipt of benefits from any association, society, or fund shall not bar the recovery of damages by action at law, nor the recovery of compensation under article three hereof; and any release executed in consideration of such benefits shall be void: *Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of section 108.*[3] (Emphasis added.)

77 P.S. § 71. Amended Section 204(a) went into effect on August 31, 1993. In that amendment, the General Assembly redrafted the last sentence of Section 204(a) to read as follows:

> Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of sections 108 and 306, except for benefits payable under section 306(c) or 307.[4]

77 P.S. § 71.

The WCJ denied Employer's modification petition concluding that amended Section 204(a) was inapplicable, since Claimant was *injured* prior to the effective date of Act 44. Employer appealed to the Board, which reversed the WCJ and held that, because Claimant *qualified* to receive unemployment compensation benefits after the effective date of Act 44, Employer was entitled to the credit. This appeal followed.

■ Claimant contends that the Board erred in retroactively applying amended Section 204(a) because she was injured before the effective date of Act 44 and had a vested right to receive both workers' compensation and unemployment compensation benefits. Claimant asserts that under our decision in *Bible v. Department of Labor and Industry,* 663 A.2d 837 (Pa.Cmwlth.1995), her right to collect the aforementioned benefits cannot be extinguished by a retroactive application of Act 44.

In *Bible,* a single judge decision involving an original jurisdiction matter, this Court held that the Act of February 23, 1995 (Act 1), P.L. ____, which amended Section 306(c) of the Act, 77 P.S. § 513, could not be applied retroactively. Act 1 amended Section 306(c) to change the standard for adjudicating claims of work-related hearing loss. Prior to Act 1, a claimant had to demonstrate a complete loss of hearing for all practical intents and purposes. Act 1, however, allows benefits to be paid based on the percentage of a claimant's hearing loss as measured by an audiogram. The petitioners, who all sus-

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71(a).

**2.** Act of July 2, 1993, P.L. 190, effective in 60 days.

**3.** Section 108 of the Act, 77 P.S. § 27.1, concerns benefits for certain occupational diseases.

**4.** Section 306(a), 77 P.S. § 511, pertains to total disability benefits, and Section 306(b), 77 P.S. § 512, pertains to partial disability benefits. Section 306(c), 77 P.S. § 513, establishes the benefit rates for specific loss injuries; Section 307, 77 P.S. § 561, involves compensation to certain individuals upon the death of an employee.

tained their hearing loss and filed their claims before Act 1 was effective, asserted that retroactive application of Act 1 would reduce their benefits. This Court agreed and concluded that because the petitioners' cause of action under the Act had accrued before the effective date of Act 1, they had established a vested right under the pre-Act 1 version of Section 306(c). Therefore, this Court held that retroactive application of Act 1 would abrogate the petitioners' vested right to have their claims adjudicated under the law as it existed prior to Act 1.

*Bible,* however, is inapplicable here since the Employer in this case is not attempting to retroactively apply Act 44 to extinguish or alter any vested, substantive right of the Claimant. Instead, this case is controlled by *Lykins v. Workmen's Compensation Appeal Board (New Castle Foundry),* 671 A.2d 253 (Pa.Cmwlth.1996).

In *Lykins,* we held that to establish a vested right to collect workers' compensation *and* unemployment compensation benefits simultaneously under the pre-Act 44 version of Section 204, a claimant must have been collecting *both* of those benefits prior to the effective date of Act 44. Where a claimant begins receiving unemployment benefits after the effective date of Act 44, however, the claimant has not established a fixed, substantive right to collect both workers' compensation and unemployment compensation benefits; therefore, in that situation, an employer may seek a credit under amended Section 204(a). We further explained as follows:

[T]his case does not present a situation where Employer is seeking to retroactively apply amended Section 204 to defeat a fixed, substantive right of Claimant. Instead, Employer took advantage of its right to a credit under the amendment to Section 204 when the event that triggered that right occurred, *i.e.,* Claimant qualifying for and receiving unemployment compensation benefits, months after the amendment became effective.

*Lykins,* 671 A.2d at 257.

In the present case, it is undisputed that Claimant began receiving unemployment benefits on October 4, 1993, more than a month after the effective date of Act 44. Claimant, thus, never established a vested right to collect workers' compensation and unemployment benefits under the pre-Act 44 version of Section 204(a). Following *Lykins,* we hold that the Board correctly granted Employer a credit for Claimant's unemployment compensation benefits.

Order affirmed.

### ORDER

NOW, May 13, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.