**NAVARRO CORPORATION and Northbrook National Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WILLIAMS), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1996.

Decided Nov. 13, 1996.

Reargument Denied Jan. 17, 1997.

Gretchen J. Fitzer, Pittsburgh, for Petitioner.

C. Christopher Hasson, Pittsburgh, for Respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

COLINS, President Judge.

Navarro Corporation (Navarro) and Northbrook National Insurance Company (Northbrook Insurance) petition for review of the March 22, 1995 decision and order of the Workmen's Compensation Appeal Board (Board), affirming the April 6, 1992 decision of the referee that granted the claim petition filed by Lovett Williams (Williams).

Williams worked as a cement finisher for approximately 20 years, working out of his union hall for various contracting firms, one of which was Navarro. As a cement finisher, Williams was required to spend considerable time kneeling while smoothing newly poured concrete. On May 22, 1986, Williams filed a claim petition alleging that on May 11, 1984 (the first day of a new work assignment with Navarro), he became disabled because of "repetitive, continuous trauma" connected with his work responsibilities which, as averred in Williams's claim petition, aggravated pre-existing degenerative joint disease in both his knees. Williams's claim petition was initially denied by the referee on March 8, 1988 after a series of hearings at which Williams presented unrebutted medical evidence. The Board, on June 8, 1989, reversed the referee's decision and remanded the matter "for the referee to fulfill his fact finding function" and to determine whether Williams injured himself while employed by Navarro.

On remand, the referee, on March 9, 1990, rendered a decision containing findings of fact and an order that again dismissed Williams's claim petition. By order dated June 28, 1991, the Board again remanded the matter, this time "for clarification" because of the referee's failure to: (1) reject Williams's testimony or set forth reasons for doing so; (2) make credibility determinations as to other witnesses' testimony; and (3) make adequate findings of fact rather than merely summarize testimony. In response to this last remand order, the referee, on April 6, 1992, determined that Williams had successfully established a work-related injury solely with respect to his left, but not his right knee, and ordered Navarro to pay Williams compensation at the weekly rate of $320.00 from May 13, 1984 to date and continuing. On March 22, 1995, the Board affirmed the referee's April 6, 1992 decision in Williams's favor.

Navarro filed a petition for review with this Court. By a panel decision and opinion dated February 21, 1996,[1] we affirmed the Board's order. Subsequently, Navarro petitioned for reargument before this Court *en banc* on the grounds that the aforementioned opinion did not address Navarro's arguments regarding the propriety of the Board's remand orders and the referee's treatment of the burden of proof issue. By an order dated April 15, 1996, we granted Navarro's application for reargument and withdrew our prior opinion and order.

1. *Navarro Corporation v. Workmen's Compensation Appeal Board (Williams)*, A.2d (Pa. Cmwlth.)(No. 1007 C.D.1995, filed February 21, 1996).

Navarro contends that the Board erred in reversing and remanding the referee's first two decisions in which, according to Navarro, Williams was not found to be a credible witness, and that the Board subsequently erred in affirming the referee's April 6, 1992 decision that accepted Williams's testimony simply because it was unrebutted by Navarro. Averring that the referee's April 6, 1992 decision erroneously shifted the burden of proof from claimant to employer, Navarro further maintains that it presented evidence of Williams's failure to prove his alleged May 1984 work injury, failure to inform his job supervisors of any such injury, and failure to inform his treating physicians of any work incident resulting in injury.

■ After reexamining the record, we disagree. In *Hall v. Workmen's Compensation Appeal Board (Mt. Braddock Land Co.)*, 142 Pa.Cmwlth. 341, 597 A.2d 265 (1991), this Court noted those occasions warranting the remand of matters to a referee, as follows:

> If ... it appears that the burdened party *has* presented sufficient competent evidence that, *if believed*, would overcome his burden of proof, and it is not clear from the adjudication that a credibility determination has been made, we will remand the matter to the agency for the proper findings and conclusions of law following those findings. *We will not infer a credibility determination merely from the decision of the factfinder against the party with the burden of proof....* Because it is unclear whether the referee based his decision on a legal determination of insufficient evidence or a factual determination of credibility, we must remand for appropriate findings of fact.

*Id.* 597 A.2d at 266–67 (emphasis in original). Similarly, the Court in *ARMCO, Inc. v. Workmen's Compensation Appeal Board (Carrodus)*, 139 Pa.Cmwlth. 326, 590 A.2d 827 (1991), *petition for allowance of appeal denied*, 529 Pa. 636, 600 A.2d 955 (1991), stated in its remand decision that

> [t]he referee has not made any findings with respect to any of the witnesses. Had the referee simply stated that claimant's doctor was not believable, we would have no choice but to affirm. *Given the refer-*

*ee's statement that the claimant did not produce credible unequivocal testimony, when the testimony was clearly unequivocal, we are prevented by Mayo v. Workmen's Compensation Appeal Board* [117 Pa.Cmwlth. 336, 543 A.2d 617 (1988)] ... *from inferring the necessary credibility finding.* While we recognize that the employer has no burden in a case such as this, we are unable, given all the circumstances to affirm on the basis of the referee's right to decide credibility questions.... A remand is warranted where the referee has failed to make findings on a crucial issue necessary for the proper application of the law.

*Id.* 590 A.2d at 828–29 (emphasis in original). The rationale of *Hall* and *ARMCO* is applicable to the present matter, wherein the Board first remanded the case in June 1989, because the referee's March 1988 decision did not contain any findings of fact that would support the referee's conclusion (erroneously labelled Finding of Fact No. 10) that "claimant's knee problems are not due to the episode claimed on May 11, 1984." As a further reason for remand, the Board found that the referee erroneously characterized Dr. Eric Minde's deposition testimony as equivocal when, to the contrary, said testimony clearly acknowledged that Williams sustained a "derangement of the left knee" and that there was "a direct relationship" between Williams's May 11, 1984 work incident and his knee disability. The Board's second remand of June 28, 1991, resulted from the Board's determination that the referee's March 1990 decision again failed to provide findings of fact, but rather only "summaries of testimony" that provided no adequate basis for appellate review. In light of *Hall* and *ARMCO*, therefore, we find the Board's second remand to the referee appropriate, and we reject Navarro's objections in this regard.

■ With respect to Navarro's allegation of improper burden shifting, we find this too without merit. This Court has consistently reaffirmed that "[t]he burden of proof that must be carried in workers' compensation cases depends upon the petition or petitions presented for adjudication. In an original claim petition, such as the present case, the

burden of proof is on the claimant to prove all the elements necessary to support an award of compensation." *Southern Chester County Hospital v. Workmen's Compensation Appeal Board (Sinsheimer)*, 676 A.2d 315, 316 (Pa.Cmwlth.1996).

In the matter before us, the record fails to indicate any attempt to shift the burden of proof from Claimant Williams to Navarro. On the contrary, the record contains substantial, competent evidence submitted by Williams to sustain his burden, and that evidence supports the referee's April 6, 1992 decision. For example, the following extract from the August 5, 1986 hearing notes of testimony supports the referee's conclusion that claimant, through "unrebutted evidence," established the work-related injury to his left knee while working for Navarro and that Navarro knew or had reason to know about it.

[Direct Examination of Claimant Williams]

Q. Sir, did you report this incident of your knee popping and your knee swelling to any individual at the job site?

A. Yes. Our supervisor was right there. He was right there when it happened.

Q. What was that supervisor's name and what was his position?

A. His name is Nicholas Ionotti (phonetic). He was the cement finisher foreman for Navarro Construction Company.

. . . .

Q. Sir, did you in fact report to the job site on the following day?

A. Yes, I did.

Q. That was on May 11, 1984?

A. Yes.

Q. Did you speak with the cement finisher foreman, Nicholas Ionotti on that day?

A. Yes, I did.

Q. Did you in fact perform your normal job duties and responsibilities as a cement mason on May 11, 1984, sir?

A. Well, I couldn't do all of my duties. I could not get down on my knees to trowel the floor. . . .

Moreover, the following extract of cross-examination testimony elicited during the February 2, 1988 hearing from Bernie Boehm, a Superintendent for Navarro Corporation, indicates that Mr. Boehm was not the on-site supervisor at the time of Williams's injury and that Mr. Boehm never discussed Williams's injury with Mr. Ionotti, who was the on-site supervisor at the time in question.

[Cross–Examination of Bernie Boehm, Superintendent for Navarro Corporation]

Q. Are you a foreman of the cement workers?

A. The whole overall project.

. . . .

Q. Do you recall where you were exactly at 3:30 that afternoon?

A. No.

. . . .

Q. Who's [sic] responsibility was it when an injury occurred to make you aware that it had occurred?

A. It would have been the individual or his foreman.

. . . .

Q. But if an individual were injured in such a way that he couldn't get to you then—

A. Oh, I'm sure somebody would have came[sic] and found me.

. . . .

Q. Have you had any conversations with him [the cement finisher foreman Nick Ionatti] since that time? . . . . You never questioned him as to whether or not Mr. Williams had reported to him an injury?

A. No. . . . I'm not involved in this here at all until today. Well, a few weeks ago.

There is also no evidence that Navarro presented any rebuttal testimony with regard to either Mr. Ionotti or Mr. Boehm.

Similarly, the record contains unrebutted medical evidence documenting Williams's knee injury, such as the following May 13, 1987 deposition testimony of Eric Minde, M.D., a board-certified specialist in physical medicine and rehabilitation, who examined Williams at Navarro's request.

Q. Doctor, did you have the opportunity to examine a gentleman named Lovett Williams?

A. Yes.

Q. Doctor, at whose request did that examination take place?

A. It was basically through his employer.... Basically to give an evaluation of his [Williams's] physical status in relationship specifically to an alleged injury occurring at work, to see just what the extent of his problems were at that time.

. . . .

Q. Doctor, based upon the history as related to you by Mr. Williams, based upon the present complaints as related to you by Mr. Williams, based upon your findings on physical examination and based upon the conditions that you diagnosed, as well as the information which you gleaned from review of the various records or documents or transcripts that we just referred to, did you formulate an opinion within a reasonable degree of medical certainty as to whether or not the condition which you diagnosed was in any way or to any extent related to the incident at work which Mr. Williams related occurred on 5–10–84?

A. Yes. I think considering all the records and the history it's quite reasonable to state that there is a relationship between the condition I saw, his work situation, with an injury occurring, according to him, 5–11–84; that is, that on that date he suffered the creation of a loose body in the knee and an acute derangement of the knee with an inflammatory process.... I can state with reasonable medical certainty that it would be impossible for Mr. Williams to return to work at this time or any time in the future.

■ It is well established that "the referee, as the ultimate fact finder, must determine issues of credibility and may accept or reject testimony ... and may adopt, verbatim, findings of fact submitted by a party so long as substantial evidence in the record supports the findings." *County of Delaware v. Workmen's Compensation Appeal Board (Thomas)*, 168 Pa.Cmwlth. 231, 649 A.2d 491, 495 (1994). Moreover, as in the present matter, "where the Board takes no additional evidence ... [the referee's] findings will not be disturbed when they are supported by substantial competent evidence." *Levering v. Workmen's Compensation Appeal Board (Buck Company, Inc.)*, 153 Pa.Cmwlth. 533, 621 A.2d 1178, 1181 (1993), *petition for allowance of appeal denied*, 536 Pa. 634, 637 A.2d 293 (1993). We therefore find no error in the Board's affirming the referee's decision.

■ Finally, Navarro suggests that the Board erred in failing to provide any basis for its determination. Albeit that Section 422(a) of the Workers' Compensation Act (Act) [2] provides that "[a]ll parties to an adjudicatory proceeding are entitled to a reasoned decision, ... which clearly and concisely states and explains the rationale for the decisions," nevertheless

Section 422(a) does not require that a Judge set forth in detail the process by which he arrived at such a determination. It is sufficient that he state in a clear and concise manner what the determination was, as here.... Even in light of the recent amendment to Section 422(a) requiring a 'reasoned decision', it would seem plausible that imposition of a 'redundant explanation' would no more be required now than it was prior to the amendment.

*Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383, 384, 386 (Pa.Cmwlth.1995). The Board's decision fully complies with these requirements.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834.

**858**

Accordingly, the order of the Board is affirmed.

*ORDER*

**AND NOW**, this 13th day of November, 1996, the order of the Workmen's Compensation Board of Review in the above-captioned matter is affirmed.