548 A.2d 384

Anthony Iervolino, Petitioner *v.* Workmen's Compensation Appeal Board (Union Switch and Signal), Respondents

*Louis P. Vitti, Louis P. Vitti and Associates,* for petitioner.

*William K. Herrington,* with him, *F. David Dermotta, Faderewski & Herrington,* for respondents.

OPINION BY SENIOR JUDGE KALISH, October 3, 1988:

Anthony Iervolino (claimant) seeks review of an order of the Workmen's Compensation Appeal Board (Board), which denied benefits to him for a specific loss of hearing pursuant to section 306(c)(8) of The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

Claimant was employed in the Machine Shop and Forge Shop at Union Switch and Signal Company for about thirty-two years. He filed a claim petition alleging a specific loss of hearing in both ears due to constant and excessive loud noise at work. The referee found that claimant suffered a work-related loss of hearing in both ears based on the testimony of claimant's treating physician, which the referee found credible. Without taking further testimony, the Board found that the referee's findings were supported by substantial evidence.

Union Switch and Signal filed a petition for review with the Commonwealth Court. In our opinion, after a careful review of the medical testimony, we held that claimant's loss of hearing was work-related. However, we also held that *in order to qualify for specific loss benefits,* that is, for loss of a specific bodily function, namely hearing, the evidence must show a loss for all practical intents and purposes. *Pare v. Workmen's Compensation Appeal Board (Fred S. James and Co.),* 97

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S §513(8).

Pa. Commonwealth Ct. 435, 509 A.2d 1361 (1986). Since it was not clear from the referee's findings whether claimant's loss was a loss for all practical intents and purposes, we remanded this matter with instructions for a specific finding in this regard. *Union Switch and Signal Co. and Travelers Insurance Co. v. Workmen's Compensation Appeal Board (Iervolino)* (No. 219 C.D. 1985, filed January 28, 1986).

On remand, the referee found that the claimant's hearing loss does not amount to a complete loss of hearing in both ears, and therefore, is not a hearing loss for all practical intents and purposes. The Board affirmed.

On this issue, the referee accepted the opinion of Dr. William H. Kunkel, claimant's treating physician. Dr. Kunkel testified that while claimant would not be able to hear a whispered voice or soft sounds, "he would get along well and is not incapacitated too much." Deposition of Dr. William H. Kunkel, taken August 8, 1979, Notes of Testimony (N.T.) at 17. This conclusion is based on Dr. Kunkel's testimony that claimant had a deficiency in hearing on the right side of approximately 55% and on the left side of approximately 60%, and that this was correctable with the use of hearing aids, which claimant was in fact using. N.T. at 7. This evidence is such that it can reasonably support the conclusion reached by the referee.

The claimant also contends that the Board had an incomplete record before it. However, when requested to show its incompleteness, the claimant failed to do so. A review of the record does not support his contention.

Accordingly, we affirm.

ORDER

Now, October 3, 1988, the order of the Workmen's Compensation Appeal Board, decision No. A-92852, is affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.