559 A.2d 604

ARMCO, INC., Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (KOLLAR), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 27, 1989.

Decided May 31, 1989.

Petition for Allowance of Appeal Denied March 12, 1990.

289

Raymond F. Keisling, Will, Keisling, Ganassi & McCloskey, Carnegie, for petitioner.

Samuel S. Blaufeld, Pamela M. Schiller, Pittsburgh, for respondent, Edward T. Kollar.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Armco, Inc. (petitioner) petitions for our review of the order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision awarding benefits to Edward T. Kollar (claimant), pursuant to Section 306(c) of

The Pennsylvania Workmen's Compensation Act (Act).[1] We will affirm.

The claimant was employed by the petitioner from September 6, 1944 through November 15, 1985. During his entire period of employment, he was exposed to loud noises, and in 1983, he began to notice that he had a hearing problem. Finally, on August 5, 1986, he was examined by Dr. Stephen M. Froman, who then informed him that he had a work-related hearing loss. He filed a claim petition for workmen's compensation benefits on October 9, 1986, and the petitioner received timely notice of the injury on October 16, 1986.

Dr. Froman testified that, in his opinion, within a reasonable degree of medical certainty, the claimant has suffered the complete loss of use of hearing in both ears, for all practical intents and purposes, caused by his total and cumulative exposure to loud noise during his years of employment with the petitioner. Deposition of Dr. Froman at 14, Reproduced Record (R.R.) at 47a.

Dr. Akbar Matadar, however, testified for the petitioner, that he does not think that the claimant has suffered a complete loss of hearing for all practical intents and purposes. He indicated that he believed that the claimant should be able to adequately use the hearing reserve that he has and that he would be benefited by the use of a hearing aid. Deposition of Dr. Matadar at 11–12, R.R. at 68a—69a.

After receiving the medical evidence and hearing the testimony of the claimant, the referee found that the claimant had completely lost the use of his hearing in both ears for all practical intents and purposes. He therefore awarded compensation. The Board affirmed the referee upon appeal by the petitioner, who now requests that this Court reverse the Board, asserting that the referee erred when he concluded that the claimant has completely lost the use of his hearing for all practical intents and purposes.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(8) (complete loss of hearing).

Section 306(c), the specific loss provision of the Act, provides for compensation in the amount of sixty-six and two-thirds per centum of wages during two hundred sixty weeks for the complete loss of hearing in both ears.[2] The Pennsylvania Supreme Court has set forth, in the case of *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1975), that "complete loss" is to be interpreted as meaning the complete loss of use of hearing for all practical intents and purposes. This loss is to be interpreted relatively, rather than absolutely as by measuring percentages of hearing lost in different ranges. This Court has followed the *Hartlieb* approach in *Babcock & Wilcox v. Workmen's Compensation Appeal Board (Phillips)*, 105 Pa.Commonwealth Ct. 539, 524 A.2d 1080 (1987), *allocatur granted*, 517 Pa. 625, 538 A.2d 878 *appeal dismissed as improvidently granted*, 519 Pa. 347, 548 A.2d 546 (1988), by recognizing the value of subjective criteria as opposed to audiologic test data.

In the instant case, the Board's finding that the claimant has completely lost the use of his hearing for all practical intents and purposes is supported in the record by the testimony of Dr. Froman and of the claimant. Dr. Froman testified, based on tests conducted in his office, that the claimant had suffered a bilateral neurosensory hearing loss caused by his exposure to noise at work. The claimant, by his testimony, illustrated the problems that his hearing loss caused him in daily life. The referee found the testimony of the claimant to be credible and that of Dr. Froman to be both competent and credible. We therefore agree with the Board's conclusion that there is substantial evidence to support the referee's findings.

The petitioner also suggests that the claimant's hearing loss should be measured while he is using a hearing aid in order to determine whether he has lost his hearing for all practical intents and purposes and even states that

2. Under Section 306(c) of the Act, an injury is compensable even when there has been no loss of earning power. *Killian v. Heintz Div. Kelsey Hayes,* 468 Pa. 200, 360 A.2d 620 (1976).

this Court has held so in the case of *Iervolino v. Workmen's Compensation Appeal Board (Union Switch and Signal)*, 120 Pa.Commonwealth Ct. 193, 548 A.2d 384 (1988). Although that opinion does contain mention of the fact that the claimant's hearing loss was correctable with the use of hearing aids, this mention is merely dicta. The main point there was that the claimant was unable to meet his burden of proving that he had suffered a complete loss of hearing for all practical intents and purposes because his physician testified that, while he could not hear "a whispered voice or soft sounds, 'he would get along well and is not incapacitated too much.'" *Id.*, 120 Pa.Commonwealth Ct. at 195, 548 A.2d at 384.

What is important in this case is that the claimant was able to prove that: he could not hear and understand others sufficiently to carry on a conversation unless he was facing them and was in a quiet environment; he could not hear and understand the radio or television without turning the volume up to a point where it disturbed others; he could not hear and understand the waitress in restaurants; he could not hear and understand conversations at public or social gatherings or while riding in an automobile; he could not hear or understand the minister in church; and that he could not hear the telephone ring or hear and understand well enough to converse on the telephone. These facts clearly distinguish the instant case from *Iervolino* and make it clearly analogous to *Babcock & Wilcox*.

To clarify any misconceptions caused by *Iervolino*, we now expressly hold that for purposes of determining eligibility for compensation under Section 306(c), a claimant's hearing ability is to be determined without the benefit of artificial augmentation such as hearing aids. *See Steele v. Workmen's Compensation Appeal Board*, 36 Pa.Commonwealth Ct. 352, 387 A.2d 1339 (1978) (the condition of a claimant's injured eye must be analyzed without reference to the possible beneficial effect of a contact lens). Therefore, the adequacy of the claimant's hearing with the use of hearing aids is irrelevant.

Accordingly, we will affirm the Board's order.

## ORDER

AND NOW, this 31st day of May, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.