597 A.2d 226

**ST. JOE RESOURCES, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BORKOVIC), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 31, 1991.

Decided Sept. 4, 1991.

Susan E. Kadilak, for petitioner.

Samuel S. Blaufeld and Pamela M. Schiller, for respondent.

Before CRAIG, President Judge, SMITH, and SILVESTRI, Senior Judge.

CRAIG, President Judge.

St. Joe Resources, employer, appeals a decision of the Workmen's Compensation Appeal Board awarding benefits to Carl A. Borkovic, claimant, under § 306(c)(8) of The Pennsylvania Workmen's Compensation Act.[1]  We affirm.

The issue in this case is whether the claimant presented substantial evidence to show that he suffered a "complete loss of hearing for all practical intents and purposes."

The facts in this case, as found by the referee, are as follows.  St. Joe Resources employed the claimant from May 1, 1950 through June 30, 1986.  The claimant worked in the furnace department at St. Joe's, exposed to loud noises.  The claimant first began to experience a hearing problem ten years ago, which increased in severity during the course of his employment.  Dr. Stephen M. Froman, a specialist in otolaryngology, examined the claimant three times in 1988.

Based upon the following findings of fact, the referee and board awarded benefits to the claimant under § 306(c)(8) of the Act:

8.  That on June 30, 1986 the claimant's hearing had deteriorated to the point where he could not hear and

1.  Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(8).

understand to carry on conversation in the following situations:

a) Listening to the audio portion on television unless he turned the amplification up to the point where it disturbed other individuals.

b) Hearing the telephone ring or carrying on a conversation on it.

c) Conversing while driving an automobile.

d) Conversing in a restaurant and hearing and understanding the waitress.

e) Hearing and understanding the priest in church.

f) Hearing and understanding his wife and other individuals unless it was on a face to face basis in a relatively quiet environment.

. . . .

10. That Dr. Froman examined and evaluated the claimant on March 8, 1988, April 4, 1988 and April 18, 1988. He took a complete occupational history and the history of the claimant's complaints in reference to his hearing difficulties. A complete otolaryngologic examination and various test and x ray results were normal and there was no no evidence of otologic disease. Complete audiologic testing revealed a symmetrical mild to moderately severe neurosensory hearing loss in both ears with markedly impaired discrimination ability.

11. That in reviewing the claimant's audiologic test results Dr. Froman was of the opinion that the pure tone results were consistent with a noise induced hearing loss and the complete audiometric results were highly consistent with the degree of difficulty that the claimant had with his hearing in his every day life.

. . . .

19. That the testimony and opinions rendered by Dr. Froman are found to be convincing, competent and the most credible and will therefore be relied on in reaching a final determination in this case.

■   The employer now appeals to this court[2] seeking to overturn the board's decision.  The employer argues that the board's finding that the claimant lost hearing for all intents and purposes is not supported by substantial evidence.

■   In *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 348 A.2d 746 (1975), the Supreme Court adopted an understanding of the term "complete loss of hearing for all practical intents and purposes" which rejects a literal interpretation and adopts a more realistic measure that relies on everyday experiences.  The test for determining whether a claimant suffered a "complete loss of hearing for all practical intents and purposes" is whether an individual is able to function in his usual social, work and familial settings.

The employer argues that the claimant did not suffer a "complete loss of hearing for all practical intents and purposes" because claimant did not cease any familial or social activities after suffering his hearing loss.

■   However, the test enumerated by the Supreme Court is not whether a claimant gives up activities because of hearing loss but whether the claimant is able to function in his usual familial and social functions.  There is substantial evidence supporting the board's finding that the claimant is unable to function in his usual familial and social activities. The claimant testified:

Q.  I am going to ask you some questions about the trouble that you may be having in your everyday life.

When you are at home and your wife talks to you, how do you listen to her when she talks to you?

A.  I have to look at her.

Q.  Do you have to be in the same room?

A.  Yes.

2.  Our scope of review is limited to determining whether any constitutional rights were violated, any errors of law were committed, or whether substantial evidence supports the board's findings.  *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Q. When you listen to the TV, how do you listen to the sound?

A. I turn it up.

Q. How do you know it's turned up?

A. Because my wife tells me to turn it down.

Q. If you are in are in a restaurant and there's noise in the restaurant, can you understand what the person across the table is saying?

A. No, sir.

Q. If the waitress comes up to you to tell you the specials, can you understand what she is saying?

A. No, sir.

Q. When you are at home and the telephone is in the next room, can you hear it ringing?

A. No, sir.

. . . .

Q. Do you go to church?

A. Yes.

Q. How often?

A. Every week, every Sunday. Well, Saturday night mass.

Q. Do you understand what the priest is saying?

A. No, I don't.

Because this testimony indicates that the claimant's hearing loss substantially affected his familial and social functions, a finding that the claimant has suffered a "complete loss of hearing for all practical intents and purposes" is warranted.

Furthermore, Dr. Froman testified:

Q. ... Doctor, do you have an opinion within a reasonable degree of medical certainty as to whether Mr. Borkovic has lost his hearing in both ears for all practical intents and purposes?

A. Yes, it's my medical opinion within a reasonable degree of medical certainty based on Mr. Borkovic's clinical history, examination, x rays and complete audiologic testing, that Mr. Carl Borkovic has suffered the complete

loss of use of hearing in both ears for all practical intents and purposes.

Q. Doctor, do you have an opinion within a reasonable degree of medical certainty as to the cause of Mr. Borkovic's hearing loss?

A. Yes.

It's my medical opinion within a reasonable degree of medical certainty based on the previously mentioned information that the complete loss of the use of hearing that Mr. Borkovic has suffered in both ears has resulted from his total and cumulative exposure to loud noise during his years of employment at St. Joe's resources.

Therefore, there is substantial evidence supporting the board's finding that the claimant suffered a "complete loss of hearing for all practical intents and purposes."

Accordingly, we affirm the board.

## ORDER

NOW, September 4, 1991, the decision of the Workmen's Compensation Appeal Board, No. A89–2291, dated December 13, 1990, is affirmed.