638 A.2d 373

**Hulbert RUSSELL, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(Cooper BESSEMER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 14, 1994.

Decided Feb. 10, 1994.

Samuel S. Blaufeld, Pamela M. Schiller and Barbara E. Holmes, for petitioner.

Carl J. Smith, Jr., for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge..

Hulbert Russell (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the Referee denying Claimant specific loss benefits for a loss of hearing.[1]

1. Section 306(c)(8) of The Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(8), provides a schedule of compensation for the complete loss of hearing.

Claimant worked for Cooper Bessemer (Employer) for 26 years as a chipper, craneman, foundry worker and laborer. In those positions, Claimant was exposed to loud and continuous noise made by the machines which he operated or which were operated in close proximity to his work place. Although Claimant wore some ear protection in the later years, he had already begun to experience some hearing impairment. Because of this hearing impairment, Claimant filed a claim petition on February 8, 1991, alleging the loss of use of his hearing in both ears due to continuous exposure to damaging noise in his work for Employer.

Claimant testified before the Referee that he has difficulty understanding conversations, especially when there is background noise. He stated that he cannot hear the telephone ring if it is in another room and he has difficulty carrying on a conversation by telephone. He also stated that he listens to the television so loud that his children tell him to turn it down and that he has trouble understanding a server in a restaurant and the minister in church.

Dr. Stephen M. Froman, Claimant's otolaryngologist, testified before the Referee that based on his examination and testing, Claimant suffered a bilaterally symmetrical, mild to severe neurosensory hearing loss with severely impaired discrimination ability. Dr. Froman stated that the difficulties that Claimant complained of are consistent with the deficiencies revealed in the audiologic testing. Dr. Froman opined that the hearing loss was a result of Claimant's exposure to loud noises during his employment and that he had lost the use of his hearing for all practical intents and purposes.

In opposition, Employer presented the testimony of Dr. Sidney N. Busis, also an otolaryngologist. Dr. Busis performed audiologic tests, including sound field tests, with Claimant on two occasions. Dr. Busis agreed with Dr. Froman that Claimant had some hearing impairment, and that it was due to his continuous exposure to noise at work but may be partially due to hypolipidemia and his recreational activities, including hunting. However, Dr. Busis opined that

Claimant had not lost the use of hearing for all practical intents and purposes, even though he has some hearing loss.[2]

The Referee found that Claimant has a hearing impairment that has increased in severity over 20 years and causes difficulty understanding conversation, particularly when there is background noise, hearing the telephone ring, and carrying on a telephone conversation. Based on Dr. Busis' testimony, the Referee concluded that Claimant failed to meet his burden of proving that he lost the use of his hearing in both ears for all practical intents and purposes and dismissed the claim petition. Claimant appealed the Referee's decision to the Board. The Board, without taking further testimony, concluded that there was substantial evidence for the Referee's finding that Claimant had not lost the use of his hearing for all practical intents and purposes and affirmed the decision. The Claimant then filed this appeal.[3]

Claimant contends that the finding that he did not lose his hearing for "all practical intents and purposes" was not supported by substantial evidence because Dr. Busis' opinion was based solely on audiologic tests and did not consider Claimant's ability to function in social and family settings. Without such testimony, Claimant argues, Dr. Busis' testimony is

2. Dr. Busis testified:

All of his test results that we just went through—here is a man who has normal hearing through the two lower reception thresholds in each ear individually. He has a normal speech reception threshold in a soundfield. He has good word recognition both each ear individually and also in a soundfield. His hearing for sentences is normal at 60 and 50 dB (decibels), which is in the conversation range. He doesn't do as well in a softer speech or in the presence of noise, which I can understand in view of his high frequency loss. I think he would have some trouble hearing with a lot of loud background noise. But to me, that does not mean he's lost the use for all practical intents and purposes.

(Reproduced Record 99–100a).

3. On appeal, our standard of review is limited to determining whether there has been a constitutional violation or an error of law or whether the necessary findings of fact are supported by substantial evidence. Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

insufficient to overcome his own testimony on his inability to function in social and familial settings.

■ Section 306(c)(8) of the Act sets forth compensation due for the complete loss of hearing in both ears. A determination of whether a claimant has suffered a "loss" under Section 306 of the Act is a question of fact. *Hill v. Workmen's Compensation Appeal Board (Latrobe Steel Company)*, 117 Pa.Commonwealth Ct. 251, 543 A.2d 232 (1988), *petition for allowance of appeal denied*, 522 Pa. 598, 562 A.2d 322 (1989).

■ A complete loss of hearing has been defined as a loss of hearing for all practical intents and purposes, rather than actually "complete" loss. *Pittsburgh Press Co. v. Workmen's Compensation Appeal Board (Taress)*, 143 Pa.Commonwealth Ct. 609, 615, 600 A.2d 626, 629 (1991) (citing *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1975)). Our Supreme Court stated in *Hartlieb*:

> If the words [complete loss of hearing] are taken relatively rather than absolutely, and in light of everyday experiences, rather than from the viewpoint of a literal clinician, then *this precise means of measuring the extent of a hearing loss in percentiles becomes unacceptable.* In this relative context a person, even though he is able to hear loud, pure tones, is completely bereft of his hearing if he is unable to communicate with his fellow man and is denied those other practical and useful benefits generally associated with man's usual and customary wants, needs and pleasures.

*Hartlieb*, 465 Pa. at 255, 348 A.2d at 749 (emphasis added). The test for loss of hearing for all practical intents and purposes is determining whether the claimant is able to function in his or her usual social, work and familial settings. *Pittsburgh Press; ARMCO, Inc. v. Workmen's Compensation Appeal Board (Carrodus)*, 139 Pa.Commonwealth Ct. 326, 590 A.2d 827 (1991), *petition for allowance of appeal denied*, 529 Pa. 636, 600 A.2d 955 (1991). "The fact that [a claimant] has some hearing ability and that it is of some value to him is not inconsistent with the finding that he has suffered a complete

loss of hearing for all practical intents and purposes." *ARM-CO*, 139 Pa.Commonwealth Ct. at 332, 590 A.2d at 830.

For example, in *ARMCO, Inc. v. Workmen's Compensation Appeal Board (Kollar)*, 126 Pa.Commonwealth Ct. 288, 292, 559 A.2d 604, 606 (1989), *petition for allowance of appeal denied*, 524 Pa. 630, 574 A.2d 71 (1990), the claimant proved through his own testimony that he could not hear and understand others sufficiently to carry on a conversation unless he was facing them and in a quiet environment, he could not hear conversations in public places or while riding in a car, and he could not hear the telephone ring or converse on the telephone. We held that there was substantial evidence to support the conclusion that claimant had lost his hearing for all practical intents and purposes. *Id.* at 291, 559 A.2d at 606.

In *Pittsburgh Press*, 143 Pa.Commonwealth Ct. at 611, 600 A.2d at 627, the claimant testified that he had to ask people to repeat themselves, that he had a hard time hearing people speak when he was riding in a car and when there was a lot of noise. He also stated that his family complained because he turned the volume on the television too high. He testified that he could understand a conversation if he sat across from the person. In that case, we held that the claimant's testimony regarding the effect that his loss of hearing had on his daily life was substantial evidence to support a finding that his loss of hearing was for all practical intents and purposes. *Id.* at 617, 600 A.2d at 630.

Furthermore, in *St. Joe Resources v. Workmen's Compensation Appeal Board (Borkovic)*, 142 Pa.Commonwealth Ct. 265, 268–69, 597 A.2d 226, 228 (1991), the claimant testified and the referee found that he had to look at his wife when she was talking to him, that he turns the television up so loud his wife complains, and that he cannot hear the server in a restaurant or the priest at church. He also testified that he cannot hear the telephone ring if it is in the next room. We held that "[b]ecause this testimony indicates that the claimant's hearing loss substantially affected his familial and social functions, a finding that the claimant suffered a 'complete loss

of hearing for all practical intents and purposes' is warranted." *Id.* at 269, 597 A.2d at 229.

■ In this case, the Referee found:

Claimant has difficulty understanding conversations unless he is facing the speaker. This difficulty is increased when there is background noise present. He has trouble hearing a telephone ring in the next room and has difficulty carrying on a conversation by telephone. (Finding of Fact # 5.)

But yet, the Referee apparently found that to be insufficient evidence to establish a compensable hearing loss, finding that:

Dr. Busis concluded that the claimant had not lost the use of hearing for all practical intents and purposes even though the claimant has some trouble hearing with background noise present and even though the claimant does not do well in the softer speech area of 40 decibels. This Referee finds the testimony of Dr. Busis to be more credible than that of Dr. Froman and concludes as does Dr. Busis that the claimant has not lost the use of his hearing for all practical intents and purposes. (Finding of Fact # 11.)

Dr. Busis' opinion that Claimant has normal speech reception in a soundfield and that his word and sentence recognition is within the conversational range was based solely on clinical audiologic testing. A finding that hearing is not lost for all practical intents and purposes based purely on clinical evidence was disfavored by our Supreme Court in *Hartlieb,* holding that the test to determine if there is a complete loss of hearing is how a person is affected in everyday life. While Dr. Busis recognized that Claimant has difficulty hearing softer speech or when there is background noise because he has high frequency loss, he never addressed how this loss affected Claimant's social and familial functions. As such, his testimony was insufficient evidence upon which the Referee could conclude that Claimant had not lost his hearing for all practical intents and purposes.

Because Dr. Busis provided only evidence on the results of clinical tests and did not testify as to whether Claimant could function in social and family situations, the Referee's finding

that Claimant did not have a complete loss of hearing was not supported by substantial evidence. Adversely, Finding of Fact No. 5, along with Dr. Busis' clinical evidence of a high frequency hearing loss, supports the opposite finding. Accordingly, we must reverse the order of the Board.

## ORDER

AND NOW, this 10th day of February, 1994, the order of the Workmen's Compensation Appeal Board, dated August 6, 1993, No. A92–1625, is reversed.