ARISTECH CHEMICAL
CORP., Petitioner,

v.

WORKMEN'S COMPENSATION
APPEAL BOARD (KEEFER),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 21, 1995.
Decided Aug. 31, 1995.

Fred C. Trenor, for petitioner.

Signe B. O'Brien, for respondent.

Before PELLEGRINI and NEWMAN, JJ., and KELTON, Senior Judge.

NEWMAN, Judge.

Aristech Chemical Corporation (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) that affirmed a decision of a Workers' Compensation Judge (WCJ) granting specific loss benefits to Charles E. Keefer (Claimant) under Section 306(c)(8) of The Pennsylvania Workers' Compensation Act (Act) for the loss of hearing in his right ear.[1] We affirm.

Claimant has worked for Employer in Clairton, Pennsylvania, since approximately 1986.[2] During the course of his employment as an electrician, Claimant has been exposed to loud noise from various machines.

On September 24, 1992, Claimant filed a claim petition, alleging that he suffers a hearing loss in his right ear caused by continuous exposure to noise at work. Employer filed an answer, denying the material allegations of Claimant's petition.

The WCJ subsequently held hearings at which Claimant testified regarding the hearing difficulties that he faces in daily life. Specifically, Claimant indicated that he has difficulty carrying on conversations on the telephone, engaging in conversations with his wife when he is unable to make eye contact with her, and watching television at a volume

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(8).

2. Prior to his employment with Employer, Claimant worked at the same facility for the previous owner, United States Steel Corporation.

that is comfortable for others. Claimant further testified that he cannot hear servers in restaurants or the minister at church, and that he has trouble hearing when background noise is present.

In support of his petition, Claimant also presented, *inter alia*, the deposition testimony of Stephen M. Froman, M.D., an otolaryngologist. Dr. Froman testified, based on Claimant's history, a physical examination and audiologic testing, that Claimant suffers a bilateral, sloping, mild to severe neurosensory hearing loss with markedly impaired discrimination ability in his right ear. According to Dr. Froman, audiologic test results are consistent with Claimant's complaints. Dr. Froman also stated that Claimant's hearing loss is a result of his exposure to loud noise during his employment and that he has lost his hearing in his right ear for all practical intents and purposes.

In opposition, Employer presented the deposition testimony of Donald B. Kamerer, M.D., also an otolaryngologist. Dr. Kamerer testified that although Claimant has a permanent high frequency hearing impairment compatible with his work history, his hearing loss is not complete for all practical intents and purposes.

Upon consideration of the evidence presented, the WCJ found credible the testimony of Claimant and Dr. Froman and accepted Dr. Froman's opinions over those rendered by Dr. Kamerer. The WCJ further found that as a result of noise exposure while working for Employer, Claimant suffered a complete loss of hearing in his right ear for all practical intents and purposes. Accordingly, the WCJ concluded that Claimant sustained his burden of proof and awarded him benefits for a period of 60 weeks.

Employer appealed to the Board, and the Board affirmed. This appeal followed.[3]

On appeal, Employer urges this court to utilize an objective standard when determining whether a claimant has suffered a complete loss of hearing for all practical intents and purposes. Employer maintains that the need for an objective standard is manifest since the subjective standard results in an injustice that must be remedied. However, despite Employer's protests to the contrary, the court is constrained in this matter to follow the statutorily mandated standard as defined by case law.[4]

Prior to the 1995 amendment, Section 306(c)(8) set forth, without elaboration, the compensation that is due for a "complete loss of hearing." Our Supreme Court, when defining "complete loss of hearing" as used in the Act, concluded that the legislature did not intend that the term be read in a literal and absolute sense. *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1975). Specifically, the Supreme Court stated:

> If the words [complete loss of hearing] are taken relatively rather than absolutely, and in light of everyday experiences, rather than from the viewpoint of a literal clinician, then *this precise means of measuring the extent of a hearing loss in percentiles becomes unacceptable.* In this relative context a person, even though he is able to hear loud, pure tones, is completely bereft of his hearing if he is unable to communicate with his fellow man and is denied those other practical and useful benefits generally associated with man's

3. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. Although not the basis for Employer's argument, we note that the legislature has recently amended Section 306(c)(8) of the Act to adopt an objective standard. *See* Act 1 of 1995.

On several occasions, this court invited the legislature to re-examine the Act's provisions dealing with occupational hearing loss in recog-

nition of the advancements that have been made in hearing science and the development of medical tests that provide reliable, objective results. *E.g., Kuzniar v. Workmen's Compensation Appeal Board (Sharon Steel Corp.)*, 168 Pa.Commonwealth Ct. 508, 650 A.2d 1212 (1994); *Pettola v. Workmen's Compensation Appeal Board (Sharon Steel Corp.)*, 168 Pa.Commonwealth Ct. 426, 650 A.2d 1172 (1994). The legislature responded to the court's invitation, and on February 22, 1995, Governor Ridge signed House Bill No. 3 into law.

usual and customary wants, needs and pleasures.

*Id.* at 255, 348 A.2d at 749 (emphasis added).

Following *Hartlieb,* this court has consistently held that the test norm of a complete loss of hearing for all practical intents and purposes involves a determination of whether an individual is able to function in his usual social, work and familial settings. *E.g., Pettola; Kuzniar; ARMCO, Inc. v. Workmen's Compensation Appeal Board (Carrodus),* 139 Pa.Commonwealth Ct. 326, 590 A.2d 827, *petition for allowance of appeal denied,* 529 Pa. 636, 600 A.2d 955 (1991). Again relying on *Hartlieb,* we ruled that an expert's medical opinion based solely on objective tests without regard to whether a claimant could function in everyday situations was insufficient to support a finding that the claimant had not suffered a compensable hearing loss. *Russell v. Workmen's Compensation Appeal Board (Cooper Bessemer),* 162 Pa.Commonwealth Ct. 97, 638 A.2d 373 (1994), *petition for allowance of appeal granted,* 540 Pa. 588, 655 A.2d 519 (1995).

■ Therefore, based upon our reading of *Hartlieb* and its progeny, it is clear that we are unable to follow Employer's suggestion and deviate from the subjective standard that has been repeatedly utilized by this court.[5] Moreover, applying this standard to the appeal presently before us, we conclude that substantial evidence exists in the record to support the WCJ's finding that Claimant suffered a complete loss of hearing in his right ear for all practical intents and purposes.

Accordingly, we affirm the Board's order.

### ORDER

AND NOW, August 31, 1995, we affirm the order of the Workmen's Compensation Appeal Board, dated February 13, 1995.

---

**5.** Similarly, in *LTV Steel Co. v. Workmen's Compensation Appeal Board (Verez),* 153 Pa.Commonwealth Ct. 470, 621 A.2d 1146, *petition for allowance of appeal denied,* 536 Pa. 634, 637 A.2d 293 (1993), this court refused to usurp the legislature's role.