**Andrew S. KOCIS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DEPARTMENT OF LABOR AND INDUSTRY and Phico Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 28, 1999.

Decided July 2, 1999.

Andrew S. Kocis, Allentown, for petitioner.

Kate A. Smith, Philadelphia, for respondents.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Andrew S. Kocis (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed a decision of the workers' compensation judge (WCJ) that dismissed Claimant's claim petition as time barred.

Claimant filed a claim petition alleging that he suffered hearing loss with tinnitus in both ears causing him to be disabled as a result of his work for the Department of Labor and Industry (Employer). Employer denied all allegations and asserted that Claimant's petition was time barred by the applicable statute of limitations. The WCJ held bifurcated hearings to determine the threshold question of whether Claimant's claim petition was indeed time barred. The WCJ's pertinent findings of fact are as follows:

2. On December 17, 1993, the claimant was meeting with a case manager at Good Shepherd Rehabilitation Hospital when he heard a loud noise in the hallway. The claimant developed immediate pain in his ears, and subsequently developed ringing in the ears within two or three days after the incident. The claimant testified that he was advised by his physician in April 1994, that he suffered noise induced hearing loss. The claimant thereafter advised his supervisor, James Calpas of the injury.

3. The claimant filed the within Claim Petition on May 19, 1997.

(WCJ's decision). The WCJ concluded that Claimant filed his claim petition more than three years from the date of his injury and that it was time barred by the applicable statute of limitations. Consequently, the WCJ denied and dismissed Claimant's claim petition. Claimant ap-

pealed to the Board, which affirmed the WCJ.

Claimant now petitions this Court,[1] and raises two issues for consideration. First, Claimant argues that the WCJ committed error by not permitting him to present testimony explaining why he filed his claim petition so late. If allowed to testify, Claimant contends that he would have explained that he intended to file his claim petition within three years of the date of injury, as mandated by Section 315 of the Pennsylvania Workers' Compensation Act (Act).[2] However, when Claimant called the Workers' Compensation Claims Information Help Line (Help Line) in December of 1996, requesting the required forms, an employee incorrectly informed him that he had three years from the date of notice to file his claim petition.[3] Second, Claimant contends that he relied on the incorrect information and consequently filed his claim petition on May 15, 1997, several months beyond the statutory deadline. Claimant argues that the WCJ should have allowed the testimony and used it to toll the limitations period prescribed by Section 315 of the Act.

■ This Court has long recognized that Section 315 of the Act is a statute of repose.[4] Unlike a statute of limitations which merely extinguishes a specific remedy or a cause of action, Section 315 cancels all potential rights under the Act, unless within three years from the date of the injury, both parties reach an agreement on compensation payable, or one of the parties files a petition as provided for by the Act. *Bellefonte Area School District v.*

*Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Cmwlth. 304, 627 A.2d 250 (1993).

■ Our case law uniformly holds that a statute of repose may be tolled only under limited circumstances. In order to toll the time limitation set forth in Section 315, a claimant must show by clear and precise evidence that the employer or its insurance carrier lulled the claimant into a false sense of security concerning the filing of his claim. *McDevitt v. Workmen's Compensation Appeal Board (Ron Davison Chevrolet)*, 106 Pa.Cmwlth. 207, 525 A.2d 1252 (1987). However, Section 315 is tolled even if the employer's lulling acts or statements are unintentional. *Dudley v. Workmen's Compensation Appeal Board (Township of Marple et al.)*, 80 Pa. Cmwlth. 233, 471 A.2d 169 (1984). If the claimant can make that threshold showing, then the employer is estopped from raising the timeliness issue. *Sharon Steel Corp. v. Workmen's Compensation Appeal Board (Myers)*, 670 A.2d 1194 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 544 Pa. 679, 678 A.2d 368 (1996).

■ Claimant here is employed by the Department of Labor and Industry. An authorized employee of Employer allegedly, incorrectly informed him that he had three years from the date of notice to file his claim petition. We conclude that Claimant's allegation that he was misled by a representative of Employer when seeking official advice from the Help Line meets the threshold requirement. Employer's actions may have lulled him into falsely believing that he had until May 17, 1997, to file his claim petition. The WCJ

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error or law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

2. Act of June 2, 1915 P.L. 736, *as amended*, 77 P.S. § 602.

3. The date of notice for Claimant's alleged injury was May 17, 1994.

4. Section 315 states in pertinent part:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

should have allowed Claimant's testimony concerning the pertinent events surrounding his call to the Help Line.

Accordingly, for the above stated reasons, we reverse the Board's decision and remand the case with instructions that the WCJ hear testimony and determine whether the statute was tolled under the circumstances.

### ORDER

NOW, July 2, 1999, the order of the Workers' Compensation Appeal Board is reversed and the matter is remanded to the Board in accordance with the foregoing opinion.

Jurisdiction is relinquished.