**George W. KORMOS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (VAN AIR SYSTEMS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 2000.

Decided Dec. 7, 2000.

---

Donald F. Fessler, Jr., Erie, for petitioner.

Raymond F. Keisling, Carnegie, for respondent.

Richard E. Bordonaro, Erie, for intervenor, Erie Press Systems.

1. Prior to this time, Claimant never had any

Before COLINS and PELLEGRINI, Judges, and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

George W. Kormos (Claimant) petitions for review of a decision of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ), denying Claimant's claim petition. We now reverse and remand.

Van Air Systems, Inc. (Employer) employed Claimant as a fitter/welder/assembler for approximately twenty-three years. Claimant's job duties required him to work inside iron vessels, grinding, arc welding, hammering and making any other necessary repairs. In the course and scope of his employment on May 1, 1987, as he was exiting one of these vessels without ear protection, Claimant was exposed to a loud noise when a co-worker struck the iron vessel with a sledgehammer. Claimant experienced ringing in both of his ears.[1] He immediately informed his foreman as to what had occurred and the foreman recorded the incident on a calendar.

The ringing continued in Claimant's right ear for approximately one week and then went away. However, the ringing in his left ear never went away. Claimant continually reported this ringing to each of his subsequent foremen. Eventually, in February of 1995, Employer referred Claimant to Dr. Sidney Busis, a board-certified otolaryngologist. Claimant underwent several hearing tests, the most recent of which was performed on October 31, 1995, and revealed a binaural hearing impairment of 19.1%.

On December 14, 1995, Claimant filed a claim petition against Employer alleging that he sustained a 41.2% monaural hearing impairment in his left ear and a binaural hearing impairment in excess of 10% as a result of the 1987 work incident and continued exposure to occupational noise. Employer, through its workers' compensa-

hearing problems.

tion insurance carrier, the PMA Group, filed an answer denying the material allegations of Claimant's petition and alleging that the same was barred by the applicable statute of limitations.[2] Zurich also filed a similar answer. The case was assigned to a WCJ and proceeded with hearings.

At these hearings, Claimant testified on his own behalf. Claimant related a history of the 1987 work incident and his prolonged exposure to noise. Claimant described his symptoms at the time of the incident, as well as his continuing problems. Specifically, Claimant indicated that his hearing has progressively worsened and that although he does not have ringing in his right ear, he cannot hear out of that ear and that the ringing and loss of hearing continues in his left ear. Claimant also indicated that he repeatedly asked Employer to send him to a doctor, but that Employer refused until 1995 when he was referred to Dr. Busis.[3] Claimant further indicated that he hunts a couple of times a year and has participated in trap shoots on the weekends since the mid 1970's.[4]

Claimant also presented the deposition testimony of Dr. Busis. Dr. Busis first saw Claimant on February 7, 1995, at which time he took a history from him and performed an examination. Dr. Busis indicated that an audiogram was performed in his office that showed moderate sensorineural hearing loss in the right ear and moderately severe to severe sensorineural hearing loss in the left ear. Dr. Busis concluded that Claimant had an asymmetric hearing loss, left ear poorer than right ear, that was consistent with noise exposure to gunfire or a very loud sound causing acoustic trauma near the left ear.

More specifically, Dr. Busis opined that Claimant's exposure to noise in 1987 when a sledgehammer struck the iron vessel as he was exiting caused Claimant's hearing loss in his left ear. Dr. Busis indicated, however, that said hearing loss should not have worsened, even if Claimant continued working in these vessels, as long as he wore proper hearing protection. Additionally, Dr. Busis indicated that he was not able to separate what percentage of the hearing loss was due to non-work-related noise exposure such as recreational noise from gunfire. However, Dr. Busis did believe that the increased loss of hearing in Claimant's left ear was due to the 1987 work incident.

Further, Claimant presented the deposition testimony of Dr. Jack B. Anon, also a board-certified otolaryngologist. Dr. Anon saw Claimant in October and November of 1995. Dr. Anon indicated that an audiological test performed on Claimant in October of 1995 showed a 13.1% loss of hearing in the right ear, a 48.8% loss of hearing in the left ear and a binaural hearing loss of 19.05%. Dr. Anon also indicated that Claimant's percentage of binaural hearing loss has been increasing since 1993 as a result of his continued exposure to loud noises. However, Dr. Anon did opine that Claimant's hearing loss was a result of a sudden noise-induced trauma, i.e., the incident at work in 1987, which he described as the "inciting factor" for the hearing loss. (R.R. at 142a).

Ultimately, the WCJ issued a decision and order denying Claimant's claim petition. In rendering this decision, the WCJ found that said petition was barred by the statute of limitations as it was not filed within three years after the injury, i.e., within three years of May 1, 1987. The WCJ also found that Claimant was aware that the traumatic episode at work in 1987

---

2. Employer had two workers' compensation insurance carriers throughout the period of this litigation. The PMA Group provided coverage for Employer from January 1, 1991, through April 1, 1995. Zurich–American Insurance Group (Zurich) provided coverage for Employer after April 1, 1995.

3. Claimant indicated that Dr. Busis informed him that hearing aids would not help him with his problems.

4. Claimant did indicate, however, that he always uses hearing protection, both at work and when hunting or trap shooting.

was the cause of his hearing loss in his left ear at the time of the event, prior to being told so by a physician, as evidenced by the fact that Claimant immediately reported the incident to his foreman and continued to report the same to all subsequent foremen.

The WCJ noted that both Drs. Busis and Anon agree that the 1987 traumatic noise was the cause of Claimant's hearing loss in the left ear. The WCJ further noted that neither doctor provided an unequivocal opinion that the hearing loss in Claimant's right ear was causally related to the traumatic event that occurred on May 1, 1987, or to long-term exposure to occupational noise in the workplace. Claimant appealed to the Board and the Board affirmed.

On appeal to this Court,[5] Claimant argues that the WCJ and the Board erred as a matter of law in concluding that his claim petition was barred by the three-year statute of limitations, especially in light of the fact that he was not advised by a physician that his hearing loss was work-related until February of 1995 and he filed his petition in December of 1995. We agree.

Section 315 of the Pennsylvania Workers' Compensation Act (Act)[6] addresses the time period for filing a claim and provides as follows:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after

the injury, one of the parties shall have filed a petition as provided in article four hereof.

We have previously recognized that Section 315 of the Act is a statute of repose. *See Kocis v. Workers' Compensation Appeal Board (Department of Labor and Industry)*, 733 A.2d 699 (Pa.Cmwlth.1999); *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Cmwlth. 304, 627 A.2d 250 (1993), *affirmed*, 545 Pa. 70, 680 A.2d 823 (1994). In *Kocis*, we stated the following regarding Section 315:

Unlike a statute of limitations which merely extinguishes a specific remedy or a cause of action, Section 315 cancels all potential rights under the Act, unless within three years from the date of the injury, both parties reach an agreement on compensation payable, or one of the parties files a petition as provided for by the Act.

*Kocis*, 733 A.2d at 701.

Section 306(c)(8) of the Act, 77 P.S. § 513(8), addresses claims for hearing loss. This provision was amended by the Act of February 23, 1995, P.L. 1 (commonly referred to as Act 1). Act 1 became effective immediately. Specifically, Act 1 redefined the way in which hearing loss claims were compensated by allowing for partial hearing loss benefits. Additionally, Act 1 clarified issues concerning the date of injury and the statute of limitations applicable to hearing loss claims.[7]

■ Prior to the enactment of Act 1, a claimant was only entitled to benefits if

---

5. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

6. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 602.

7. Act 1 of 1995 provided that "the percentage of impairment shall be calculated by using the

binaural formula provided in the [American Medical Associations'] Impairment Guides" and "[t]he number of weeks for which compensation shall be payable shall be determined by multiplying the percentage of binaural hearing impairment...by two hundred sixty weeks." *See* Section 306(c)(8)(i) of the Act, 77 P .S. § 513(8)(i). In addition, Act 1 provided that the date of injury "shall be the earlier of the date on which the claim is filed or the last date of long-term exposure" and that a claim for hearing loss "shall be barred unless a petition is filed within three years after the date of last exposure." *See* Sections

he/she suffered a complete loss of hearing. A claimant suffered a complete loss of hearing under Section 306(c)(8) when the loss was complete for all practical intents and purposes. *See Boeing Helicopter Company v. Workmen's Compensation Appeal Board (McCanney)*, 157 Pa. Cmwlth. 76, 629 A.2d 184 (1993), *appeal dismissed*, 539 Pa. 321, 652 A.2d 796 (1994). A determination of whether a claimant suffered a complete loss of hearing was a question of fact. *See Hill v. Workmen's Compensation Appeal Board (Latrobe Steel Corp.)*, 117 Pa.Cmwlth. 251, 543 A.2d 232 (1988), *petition for allowance of appeal denied*, 522 Pa. 598, 562 A.2d 322 (1989). A complete loss of hearing occurred when an individual was unable to function in usual social, work and familial settings. *Boeing Helicopter.* Unless a hearing loss progressed to that point, there was no compensable injury. *Id.*

Due to the progressive nature of hearing loss from cumulative exposure to noise, it was difficult to define a date of injury, i.e., isolate the precise moment when a claimant suffered a complete hearing loss for all practical intents and purposes. *Id.* Hence, this Court held that the date of injury, i.e., the point when a hearing loss became compensable, was when a claimant was advised by a doctor that he or she had suffered a complete loss of hearing for all practical intents and purposes and that the loss was work-related. *Id.; see also LTV Steel Company v. Workmen's Compensation Appeal Board (Verez)*, 153 Pa.Cmwlth. 470, 621 A.2d 1146 (1993), *petition for allowance of appeal denied*, 536 Pa. 634, 637 A.2d 293 (1993).

We recently had occasion to address the effect of Act 1 on the principles stated above. *See Socha v. Workers' Compensation Appeal Board (Bell Atlantic PA)*, 725 A.2d 1276 (Pa.Cmwlth.1999), *petition for allowance of appeal granted*, 560 Pa. 753, 747 A.2d 373 (1999).[8] In *Socha*, we stated as follows:

> While the above principles were enunciated in connection with hearing loss injuries prior to the enactment of Act 1 of 1995 when a claimant had to suffer a complete hearing loss for all intents and purposes in order to have a compensable claim, we believe the same principles are applicable when a claimant is alleging that he or she has suffered a partial hearing loss. A claimant cannot be charged with the knowledge that he or she has suffered a compensable partial hearing loss until the claimant is informed by a physician or other health care provider that the permanent binaural hearing impairment may exceed, or in fact does exceed, ten percent, as required by section 306(c)(8)(iii) of the Act...[9] and that such loss is work-related.

*Socha*, 725 A.2d at 1281 (footnote omitted).

Applying these principles to the present matter, we cannot agree with the WCJ and the Board that Claimant's claim petition was barred by the three-year statute of limitations. Although Claimant was aware that his hearing was impaired as of the date of the incident, i.e., May 1, 1987, and that such impairment was work related, Claimant was not aware of the extent of such impairment or that such impairment was compensable.[10]

■ Instead, Claimant first became aware of the extent of his hearing loss on February 7, 1995, following his examina-

306(c)(8)(viii) and (ix) of the Act, 77 P.S. § 513(8)(viii), (ix).

8. Admittedly, our discussion in *Socha* related to the 120–day notice requirement contained in Section 311 of the Act, 77 P.S. § 631. Nevertheless, we believe the same is relevant to an issue regarding the statute of limitations under Section 315 of the Act.

9. Section 306(c)(8)(iii) of the Act, 77 P.S. § 513(c)(8)(iii), provides that no benefits shall be payable if there is a level of binaural hearing impairment as calculated under the impairment guides which is equal to or less than ten per centum.

10. Actually, at the time of the original incident, Claimant's hearing impairment was not compensable, as Claimant had not suffered a complete loss of hearing for all practical in-

tion by Dr. Busis on that date.[11] At this examination, Dr. Busis conducted an audiogram which showed a moderate sensorineural hearing loss in the right ear and a moderately severe to severe sensorineural hearing loss in Claimant's left ear. (R.R. at 86a). Dr. Busis calculated Claimant's binaural hearing impairment as 10%. (R.R. at 101a).[12] The statute of limitations began to run as of February 7, 1995, the date of Dr. Busis' examination. Claimant filed his claim petition on December 14, 1995, well within the three-year statute of limitations under Section 315 of the Act.

Accordingly, the order of the Board is reversed and the case is remanded to the Board with specific instructions to remand the matter to the WCJ for further findings consistent with this opinion and a corresponding calculation of Claimant's benefits.[13]

### *O R D E R*

AND NOW, this 7th day of December, 2000, the order of the Workers' Compensation Appeal Board (Board) is reversed. The case is remanded to the Board with specific instructions to remand the matter to the Workers' Compensation Judge for further findings consistent with this opinion and a corresponding calculation of benefits.

Jurisdiction relinquished.

tents and purposes and Act 1 was not yet enacted.

11. Upon our review of the evidence of record, it appears that Claimant underwent an audiogram on September 17, 1993, which revealed a binaural hearing impairment of 17.8%. (R.R. at 99a). However, the record lacks any evidence establishing that a physician or other health care provider informed Claimant of the extent of his hearing impairment at that time. Nevertheless, even if Claimant was so informed, Claimant had not suffered a complete loss of hearing and Act 1 was not yet enacted at that time. Furthermore, even if the statute of limitations began to run as of that date, Claimant filed his claim petition on December 14, 1995, well within the three-year time period.

12. Claimant's most recent audiogram, conducted by an associate of Dr. Anon on October 31, 1995, showed a binaural hearing impairment of approximately 19.1%. (R.R. at 100a, 125a).

13. Claimant raised an additional issue in his brief regarding the WCJ's failure to find that he suffered an aggravation of his condition subsequent to the work incident in 1987. However, based upon our determination above, we need not address this issue.